# RHODES v. THE STATE.

1. Where the court correctly instructed the jury as to the issues between the State and the accused, it furnishes no reason for a new trial that, without request therefor, he did not refer to the fact that counsel assisting the solicitor-general, in his opening statement to the jury, informed them that the State contended that the killing was the result of a conspiracy, though there may have been no evidence introduced to sustain such contention.

2. Where the court instructed the jury that the law presumes the accused to be innocent, and that such presumption remains with him and protects him and prevents his conviction unless removed by evidence which excludes every reasonable doubt from the minds of the jury "as to his innocence," this inadvertent use of the word innocence instead of guilt, in the charge as to reasonable doubt, will furnish no cause for a new trial, where the meaning of the court is apparent; the instruction, in effect, informing the jury that there could be no conviction if they entertained a reasonable doubt as to whether the accused was innocent or guilty, and shortly afterwards another instruction having been given that the jury could not legally convict the accused unless they were convinced beyond a reasonable doubt of every fact essential to establish guilt. Wilson v. State, 66 Ga. 591; Stewart v. Ellis, 130 Ga. 685 (5), 688 (61 S. E. 597); Perdue v. State, 135 Ga. 277 (69 S. E. 184); Taylor v. State, 138 Ga. 826 (3) (76 S. E. 347).

3. Under the facts of the case, the failure of the court to sustain the objection of counsel for the accused to an expression used in argument by the solicitor-general does not constitute reversible error.

4. The court did not err in failing to charge the jury, of his own motion and without request therefor, that the character of the accused had not been put in evidence, and that they should not allow any of the evidence in regard to alleged bad treatment of his wife by the accused to influence them in any way in passing on the case, except as such testimony might tend to show the frame of mind on the part of the deceased toward the accused, and on the part of the accused toward the deceased, who was a brother of the former wife of the accused.

5. Where counsel for the defendant in a criminal case did not introduce evidence as to his general good character, but counsel for the State discussed the character of the accused as indicated by certain evidence which was admitted, it furnished no ground for reversal that the presiding judge overruled the motion for a new trial, in connection with one ground of which affidavits of the good character of the convicted person were set forth, and also written requests from eleven members of the jury, and from the widow of the person slain, that a new trial should be granted, where the evidence authorized a conviction, and no cause for a reversal was shown for any other reason.

6. The evidence was sufficient to authorize the verdict. The other grounds of the motion for a new trial, not herein specially discussed, were with-

out merit, and there was no error in overruling the motion for a new trial.

MARCH 15, 1916.

Indictment for murder. Before Judge Hammond. Richmond superior court. May 31, 1915.

*William H. Fleming,* for plaintiff in error.

*Clifford Walker, attorney-general, A. L. Franklin, solicitor-general, John M. Graham,* and *Mark Bolding,* contra.

LUMPKIN, J. Rhodes was convicted of the murder of Walker Green, and sentenced to be hung. He moved for a new trial, which was denied, and he excepted. The rulings stated in the headnotes are clear, without any elaboration. Any effort on the part of counsel for the State to get before the jury facts not shown by the evidence, by means of their own unsworn statements, would be a serious wrong, and deserve not only a prompt check but a proper rebuke. But, under the facts of this case, we can not say that such an effort was made, or that it will require a reversal that the court declined to stop the argument of counsel to which objection was made.

The accused did not introduce on the trial evidence as to his character. Evidence was introduced by the State, apparently without objection, tending to show bad conduct on his part, such as drunkenness, carrying a pistol, and mistreating his wife. Counsel for the State, in argument in conclusion, severely criticised the accused as a man of bad character. After conviction, and in connection with the motion for a new trial, the accused produced certain affidavits tending to show that his character was good, and also produced written requests from eleven of the jurors who found the accused guilty, and from the widow of the deceased, requesting the court to grant a new trial. The court refused to do so. Such affidavits and requests furnish no basis for a reversal of the judgment overruling the motion for a new trial. The evidence of good character is not brought forward as newly discovered. On the trial it was not thought necessary to introduce such evidence. It can not require a reversal now. The requests that a new trial be granted show no legal reason for doing so. Such requests resemble rather an appeal to one having power to pardon or commute, than parts of a motion for a new trial.

*Judgment affirmed. All the Justices concur.*