71373. ROUNSAVILLE v. THE STATE.
(338 SE2d 538)

BIRDSONG, Presiding Judge.

Randy Hillman Rounsaville a/k/a Ricky Rounsaville was convicted by a jury of armed robbery and sentenced to serve 12 years. He

brings this appeal enumerating error in the admission of identification testimony at trial and admission of a pretrial confession. *Held*:

1. There is no dispute in the evidence that the victims, at the point of a large knife, were forcibly robbed of approximately ten gold chains in a gift shop owned and operated by the victims. The victims, husband and wife, spent over 30 minutes, each at different times, showing Rounsaville their stock of gold chains. They had unobstructed, well-lighted views of him in the living room of their house where they conducted their gift shop business. After the robbery, each of the victims was shown a pictorial line-up consisting of 6-8 pictures including one of Rounsaville. The wife picked out the picture of one other than Rounsaville but the husband correctly identified a picture of Rounsaville. Two days later the victims were present at a physical line-up and each correctly identified Rounsaville as the robber. Next, each victim observed Rounsaville at the commitment hearing. At trial over objection, each victim was allowed to testify that Rounsaville was the robber, that their memory was based upon the recollection of the robber at the time of the robbery and was not influenced by the other observations. Neither victim harbored the least hesitancy nor uncertainty as to the identification.

The things to be considered in determining the likelihood of misidentification at the trial caused by a possibly suggestive prior identification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401); *Sherwin v. State*, 234 Ga. 592 (216 SE2d 810). The evidence in this case is irrefutable that both victims had ample time to view the criminal at the time of the robbery, were certain as to their identification and based it solely upon their observation of him at that time and not upon any other confrontation. This removed any question of an irreparable misidentification and established an independent basis for the in-court identification testimony. *Byrd v. State*, 173 Ga. App. 449, 450 (326 SE2d 813). This enumeration is without merit.

2. The second enumeration disputes the admissibility of a pretrial statement. There is no real question that Rounsaville was fully and properly advised of his *Miranda* rights. There is no contention that he was not advised of his right to an attorney nor that he did request such services. The appellant disputes that the statement reduced to writing by the interrogating officer was any reflection of what Rounsaville said. The testimony offered by the officers, if believed, fully justified the jury in believing not only that the statement was voluntary but that it amounted to a confession of guilt of the

crime charged.

The trial court and the jury were presented with a clear conflict of fact both as to voluntariness and to the truth of the contents of the statement. The preliminary decision of voluntariness lay within the decisional powers of the trial court and the ultimate factual determination as to voluntariness and truthfulness within the sole province of the jury. The facts present in this case establish that the trial court properly allowed the jury to consider the statement and fully supports the jury's finding of truthfulness and voluntariness contrary to the advocacy of the appellant. See *McLeod v. State*, 170 Ga. App. 415 (317 SE2d 253); *Howard v. State*, 165 Ga. App. 555 (301 SE2d 910). This enumeration too lacks merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED DECEMBER 2, 1985.

*James P. Brown, Jr.*, for appellant.
*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.