### A89A0406. MOORE v. THE STATE.
(383 SE2d 355)

DEEN, Presiding Judge.

Appellant Moore and prosecuting witness Laketa Harden had been engaged in an intimate relationship for well over a year when there occurred the incident which gave rise to the instant case. Early on the morning of January 30, 1987, Ms. Harden was preparing to leave for work. She started her car and then, leaving the car unlocked and running, went back into her house to get her handbag. After she had returned to the car and driven a few blocks, appellant (according to Ms. Harden) rose up from the back seat, brandishing a gun. He allegedly threatened Ms. Harden verbally and then took over the car and drove from Atlanta to Macon, Georgia, where he got out of the automobile and announced that he was going to kill Ms. Harden. The gun discharged, either accidentally (according to Ms. Harden) or intentionally (according to appellant, who alleged that Ms. Harden had fired the shot), seriously wounding appellant. Police were summoned, and Moore was hospitalized and arrested on a kidnapping charge.

At least one of the law enforcement officers testified at trial that the gun was not examined for fingerprints and that no gunshot residue tests or examinations of either party's clothing for powder burns

were conducted. There was testimony that Ms. Harden and Moore had had a serious quarrel a day or two before the alleged kidnapping and shooting. Correspondence between appellant and the prosecuting witness, purporting to shed light upon circumstances leading to the kidnapping and shooting, was introduced into evidence and, over objection, Ms. Harden was permitted to read to the jury her own letter.

Moore was found guilty as charged. On appeal he enumerates as error the admission of the allegedly improper "opinion" testimony of one of the investigating officers; the court's allegedly improper comment regarding the voluntariness of certain custodial statements, the challenged comment having been made in the course of the jury charge; the admission into evidence of Ms. Harden's letter to Moore; and the court's permitting Moore's and Harden's letters to go out with the jury. *Held*:

1. Scrutiny of the trial transcript reveals that the challenged testimony was cumulative of statements previously made by defendant/appellant and was therefore harmless. Moreover, the court gave curative instructions to the jurors. We conclude that it was highly probable that the testimony did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

2. In *Weaver v. State*, 67 Ga. App. 692 (21 SE2d 542) (1942), appellant, who had been convicted of involuntary manslaughter, enumerated as error certain language employed by the court in a jury instruction on accident. This court held that, because "the theory of accident was not involved under this record, . . . we fail to see how the jury could have been confused or prejudiced to the harm of the defendant because of the erroneous charge and the inapplicable charge on the law involving accident when it was not an issue in the case . . . 'An irrelevant charge will not cause a new trial, where it does not prejudice any right of the parties and is not likely to mislead the jury from the true issues of the case.'" Id. at 696, 697. Accord *Long v. Gilbert*, 133 Ga. 691 (66 SE 894) (1909); *Davis v. State*, 167 Ga. App. 70 (307 SE2d 272) (1983).

In the instant case the voluntariness of appellant's statement was not an issue; therefore, even if, *arguendo*, the jury charge was erroneous, it "was surplusage and . . . unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal." *Davis v. State*, supra at 702. Moreover, even had the jury charge been error, we find sufficient competent evidence to authorize the rational trier of fact to find appellant guilty as charged, so that it is highly probable that the challenged language did not contribute to the conviction. *Johnson v. State*, supra. *Dean v. State*, 168 Ga. App. 172 (308 SE2d 434) (1983), cited by appellant, is distinguishable on its facts and does not support appellant's contention. This enumeration has no merit.

3. Appellant's third and fourth assignments of error are also without merit. The substitution of an exact copy for an original letter was in compliance with the "best evidence" rule, as provided in OCGA § 24-5-4 (a). Further, Georgia law permits letters admitted into evidence to go out with the jury. *Vinyard v. State*, 177 Ga. App. 188 (338 SE2d 766) (1985); *Rudulph v. State*, 16 Ga. App. 353 (85 SE 365) (1915); but see the dissenting opinion in *Vinyard*, supra at 191-193.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JUNE 7, 1989 —
REHEARING DENIED JUNE 20, 1989 — 

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Linda S. Finley, Joseph J. Drolet, Assistant District Attorneys*, for appellee.