S89A0512. TURNER v. THE STATE.
(388 SE2d 857)

BELL, Justice.

Tammy Renee Turner appeals her conviction for malice murder.[1] We affirm.

The appellant lived with the victim, who was her common-law husband. During a domestic dispute, appellant shot the victim to death with a pistol.

1. Evidence was presented at trial that appellant had previously threatened to kill the victim because of his affair with another woman, and that at the time of the shooting appellant and the victim were arguing over the victim's affair. Moreover, there was evidence that when appellant shot the victim, the victim was at least two feet from the appellant, was unarmed, and was not the aggressor. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that responses by the court to questions from the jury foreman during a recharge constituted an improper expression of opinion by the court in violation of OCGA § 17-8-57.

However, "§ 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. [Cits.]" *Mullinax v. State,* 255 Ga. 442, 445 (4) (339 SE2d 704) (1986). After reviewing the court's responses to the jury foreman, we find no indication that the court assumed certain things as facts and intimated to the jury what it believed the evidence to be, and we therefore hold that appellant's contention in this regard has no merit.

3. Appellant asserts that the court's instructions were misleading

---

[1] The crime occurred on March 22, 1988. On June 7, 1988, appellant was indicted. She was convicted by a jury and was sentenced to life imprisonment on September 21, 1988. On October 13, 1988, she moved for a new trial. The court reporter certified the transcript on May 15, 1989. The court overruled the motion for new trial with an order dated May 15, 1989, and filed on June 13, 1989. Turner filed her notice of appeal on May 22, 1989, and on July 25, 1989, the clerk of superior court certified the record. The appeal was filed in the Court of Appeals on July 27, 1989. On August 25, 1989, the Court of Appeals transferred the appeal to this Court. The clerk of this Court docketed the appeal on August 28, 1989. On October 13, 1989, the appeal was submitted on briefs.

and confusing, when taken as a whole and in conjunction with the court's dialogue with the jury foreman.

We deem this contention abandoned under Rule 45 of this Court. Appellant nowhere explains how the court's dialogue with the jury foreman confused or misled the jury, nor does she otherwise explain how or in what manner the charge was misleading or confusing. Moreover, she does not cite any authority in support of her contention that the instructions were misleading and confusing. Accordingly, her contention must be treated as abandoned.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 1990.

*Hester & Hester, Frank B. Hester,* for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Peter J. Skandalakis, Assistant District Attorneys, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.