## A90A0279. KING v. THE STATE.
(395 SE2d 1)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of rape and armed robbery. He appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts.

1. In 1981, appellant pled guilty to charges of rape, armed robbery, and aggravated sodomy. The trial court correctly ruled that evidence of appellant's commission of these previous crimes would be admissible in the instant case as similar transactions showing plan, scheme, pattern, bent of mind and identity. *Burroughs v. State*, 186 Ga. App. 40, 41 (2) (366 SE2d 378) (1988).

2. Appellant took the stand in his own defense. It necessarily follows that the trial court did not err in allowing appellant to be cross-examined concerning his commission of the prior similar crime. See generally *McCarty v. State*, 165 Ga. App. 241 (299 SE2d 95) (1983).

3. Over appellant's objection to relevancy, a witness for the State was allowed to testify that appellant appeared to be similar to the man she had seen in 1981 at the scene shortly before the crimes had occurred. This evidence was obviously relevant to appellant's identification as the perpetrator and the credibility of the witness' identification testimony was for the jury. There is nothing whatsoever to indicate that the witness had ever made a pre-trial identification of appellant in this case and any reliance upon *Rounsaville v. State*, 177 Ga. App. 132, 133 (1) (338 SE2d 538) (1985) is, therefore, misplaced. Since the witness was not appellant's accomplice, the question of whether her testimony was insufficient "slight" corroborative evidence of appellant's perpetration of the instant crimes is of no consequence whatsoever. Compare *Moreland v. State*, 183 Ga. App. 113,

115 (3) (358 SE2d 276) (1987).

4. The trial court's failure to charge, without request, that appellant could not be impeached by evidence of general bad character is enumerated as error.

Although there are limitations on the State's right to impeach a criminal defendant for general bad character pursuant to OCGA § 24-9-84, a criminal defendant is not, as appellant urges, immune from being subject to such impeachment. "[T]here are restrictions on the right to impeach a witness who is the defendant on trial in a criminal case. Evidence of general bad character and prior convictions of crimes involving moral turpitude are unavailable *unless* the witness-defendant first puts his character in issue." (Emphasis supplied.) *State v. Byrd*, 255 Ga. 665, 666 (341 SE2d 455) (1986). If appellant wished to have the jury charged that he would not be subject to impeachment pursuant to OCGA § 24-9-84, he should have requested such a charge. *State v. Byrd*, supra at 667; *Rhodes v. State*, 144 Ga. 837 (4) (88 SE 196) (1916). Because he did not make such a request, we need not decide whether appellant's testimony failed to put his character into evidence so that such a limiting instruction on his lack of impeachability would otherwise have been authorized.

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1990 —
REHEARING DENIED JUNE 8, 1990 — 

*G. Scott Sampson, Mary E. Erickson*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Rebecca A. Keel, Assistant District Attorneys*, for appellee.