## A93A0389. GREEN v. THE STATE.
### (433 SE2d 383)

POPE, Chief Judge.

Defendant John H. Green was convicted of aggravated assault with a deadly weapon and appeals.

1. During the instructions to the jury the trial court defined aggravated assault as assault with a deadly weapon. That is the offense with which defendant was charged and the charge is accurate based on the definition of the offense contained in OCGA § 16-5-21 (a) (2). We reject defendant's argument that the trial court erred in failing to use the phrase "when used offensively" in its definition of the crime. The phrase referred to by defendant is contained within the statutory definition of aggravated assault but describes an alternative method of committing the offense of aggravated assault by employing "any object . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Defendant was indicted specifically for using a handgun which is a deadly weapon as a matter of law. See Adsitt v. State, 248 Ga. 237 (6) (282 SE2d 305) (1981). Defendant was not charged with the alternative method of committing the crime and thus the language requested by defendant was inapplicable.

2. We also reject defendant's argument that the trial court erred by failing to exclude certain hearsay testimony. The evidence showed defendant and the victim were both staying at the house belonging to the elderly and ailing woman who reared them and that they argued about which of them should be allowed to use the only available bedroom in the house. In response to being asked to describe the conflict between her and the defendant, the victim commenced to testify that the owner of the house told defendant to let her sleep in the room, but before the witness completed her statement, an objection on the ground of hearsay was raised. The trial judge did not rule on the objection but indicated that an exception to the hearsay rule would apply if the statement was made in the presence of the defendant. The judge suggested that the prosecutor should attempt to lay a foundation concerning the defendant's presence. In response to additional questions, the witness could not say whether the owner ever directly informed the defendant that the victim should be given the bedroom and thus the testimony was never completed. Because the defendant failed to elicit a ruling on the objection, nothing is presented for appellate review. See Green v. State, 194 Ga. App. 343 (4) (390 SE2d 285) (1990).

Defendant also raised an objection on the ground of hearsay concerning statements an officer made to defendant when he appeared at the house to investigate a complaint called in by the defendant on the evening before the shooting involved in this case. The exception to

the hearsay rule regarding statements made by others in the presence of defendant is based on the fact that defendant may utilize a full and thorough cross-examination to challenge the testimony concerning the out-of-court statements. *Faircloth v. State*, 253 Ga. 67 (3) (316 SE2d 457) (1984). Here, defendant was given the opportunity to cross-examine the victim who gave the hearsay testimony. Moreover, even if the testimony was inadmissible hearsay, defendant has shown no harm in its admission because he admitted in his own testimony that he called the police the evening before the shooting to attempt to evict the victim from the bedroom.

3. We reject defendant's argument that the trial court erred in permitting the blood-stained dress the victim was wearing at the time of the shooting to be admitted into evidence. Defendant admitted he shot the victim but disputed the circumstances surrounding the shooting and claimed self-defense. The victim denied defendant's claim that she was threatening defendant with a knife at the time he shot her and testified that she had turned to walk away when he shot her. The bullet hole in the shoulder of the dress was relevant to the issue of defendant's guilt.

4. Finally defendant argues the trial court erred in failing to rebuke the prosecutor and give curative instructions to the jury concerning certain remarks he made during closing argument to which the defendant raised an objection. During closing argument the prosecutor argued that because the bullet struck the victim in the shoulder and traveled up to clip her ear lobe, defendant must have been aiming for the victim's head or neck and must have intended to kill her. The evidence showed that the owner of the house where the altercation took place had since died and left the house to the victim and the defendant in joint ownership. The prosecutor suggested that the defendant intended to kill the victim, claiming self-defense, so he would own the house by himself once the owner died. Defendant argues the argument is improper and prejudicial since he was not charged with attempted murder but was on trial only for aggravated assault. " 'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that the deductions may be illogical, unreasonable or even absurd is a matter for reply by adverse counsel and not rebuke of the court.' [Cits.]" *Ladson v. State*, 248 Ga. 470, 476 (285 SE2d 508) (1981). Since defendant admitted shooting the victim, the issue for the jury was to determine whether the defendant shot the victim in self-defense or shot her because he intended to harm her. It was permissible to deduce from the evidence concerning the shooting that defendant intended to harm and even to kill the victim. Thus, the prosecutor's argument was not legally impermissible and the trial court did not err in failing to rebuke the prosecutor or

give curative instructions.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 28, 1993.

Shaffer & Combs, *Brian G. Combs*, for appellant.

*Joseph H. Briley*, District Attorney, *Alberto C. Martinez, Jr.*, Assistant District Attorney, for appellee.