## A93A2479. BROWN v. THE STATE.
### (438 SE2d 713)

BIRDSONG, Presiding Judge.

Jimmy Brown was convicted of the offense of aggravated assault (OCGA § 16-5-21) in that he did "unlawfully make an assault upon the person of Keith Crites, with a deadly weapon, to wit: shotgun." Appellant Brown appeals his conviction of this offense and the sentence.

Appellant fired a loaded shotgun into the rear of a passing tractor-trailer carrying kaolin ore. The truck driver testified that he observed appellant pointing the shotgun straight at him and his truck about ten to fifteen feet from the truck window; he leaned over in his seat and accelerated the vehicle; the shotgun was fired twice and pellets hit the rear left side of the trailer; the driver was "afraid of being shot." Appellant's sole enumeration is a charging error.

Appellant contends the trial court erred by charging the jury, as follows: "I charge you that the deadliness of a weapon is to be determined from the victim's viewpoint, that is, that a shotgun is a deadly weapon if the victim perceived it as a normally functioning weapon whether it could or could not be fired." *Held*:

In *Clark v. State*, 191 Ga. App. 386, 387 (3) (381 SE2d 763), this court held that "if the weapon *reasonably* appeared to the victim to be deadly, then appellant should be held to the consequences of using a deadly weapon." (Emphasis supplied; citation and punctuation omitted.) Compare *Watts v. State*, 142 Ga. App. 857, 858 (4) (237 SE2d 231). Appellant contends that by leaving the word "reasonably" out of the charge, the jury was led to believe that all that mattered in making this determination was the victim's belief, whether reasonable. Appellant, however, acknowledges that "admittedly, if the erroneous charge had been omitted, the remainder of the charge would have been correct and the jury would have been adequately charged on the offense of aggravated assault."

We find that error occurred by the giving of the contested charge. However, appellant has failed to show by the record that he has been subjected to harm necessitating case reversal. "A shotgun used in the manner established by the evidence in [this case] is a 'deadly weapon' as a matter of law within the meaning of our aggravated assault statute. [OCGA § 16-5-21.]" *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305); *Watts v. State*, supra; see *Clark v. State*, supra. A jury issue was not, in fact, presented whether the shotgun used in the averred aggravated assault was a "deadly weapon." See *Adsitt*, supra; see also *Moody v. State*, 258 Ga. 818, 820 (1) (375 SE2d 30). "Under such circumstances the charge was surplusage and even if erroneous, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record,

does not require or demand a reversal." *Davis v. State,* 167 Ga. App. 701, 702 (1) (307 SE2d 272); accord *Moore v. State,* 191 Ga. App. 911, 912 (2) (383 SE2d 355). Examining the charges in totality, we do not find the contested charge prejudicial or harmful under the evidence presented. Additionally, the evidence presented at appellant's trial was legally sufficient to convict him beyond a reasonable doubt of aggravated assault, as averred. However, the charge went only to the issue of whether the weapon was a deadly weapon; it was a deadly weapon as a matter of law. "We are persuaded that the jury instruction [appellant] complains of did not affect the verdict. Instead, it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U. S. 18 (87 SC 824, 17 LE2d 705)." *Gavin v. Vasquez,* 261 Ga. 568, 570 (407 SE2d 756).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1993.

*Reginald L. Bellury,* for appellant.

*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., James L. Cline, Jr., Assistant District Attorneys,* for appellee.