A02A0063. DIAZ v. THE STATE.
(564 SE2d 872)

JOHNSON, Presiding Judge.

Jose Diaz was charged with kidnapping, three counts of aggravated assault, and possessing a firearm during the commission of a felony. He denied the charges and was tried before a jury. The jury found Diaz not guilty of kidnapping, but guilty of two counts of aggravated assault, one count of pointing a pistol at another as a lesser included offense of aggravated assault, and possessing a firearm during the commission of a felony. Diaz appeals, challenging the sufficiency of the evidence supporting the aggravated assault and firearm possession convictions, the testimony given by a juvenile court judge, and the jury charge on aggravated assault. The challenges are without merit, so we affirm Diaz's convictions.

1. On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict and no longer presume that the appellant is innocent; moreover, we do not weigh the evidence or determine witness credibility, but only determine whether there is sufficient evidence from which the jury could have found guilt beyond a reasonable doubt.[1]

Construed in the light most favorable to the verdict, the evidence shows that Diaz and Linda Sharpe had a child out of wedlock. On April 5, 1999, Sharpe dropped the year-and-a-half-old child off at her day-care center. At about 10:00 that morning, Diaz went to the center

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hodges v. State*, 248 Ga. App. 23 (1) (545 SE2d 157) (2001).

and asked to see his daughter. He went to the playground, picked up the girl, and told Faye Miles, the day-care owner, that he was going to take the girl with him.

Miles told Diaz he could not leave with the girl and reached for her. Diaz then pulled out a gun and pointed it at Miles and Brenda McKinney, a day-care employee. Diaz said he did not want to hurt anyone, but would do so if necessary.

As Diaz began to leave with his daughter, he encountered another day-care employee, Amy Ray, who told him he could not leave with his daughter. Diaz pointed his gun at Ray and told her to get out of the way. Ray complied, and Diaz then walked out of the center with the girl.

Diaz went to his mother's house with the child. Police responded to the scene and negotiated with Diaz for two hours. Diaz finally walked out of the house, placed his gun on the porch railing, and surrendered to police.

Contrary to the claims of Diaz, there is sufficient evidence from which the jury could have found him guilty beyond a reasonable doubt of the aggravated assaults for threatening the day-care employees with his handgun[2] and of possessing a firearm during the commission of those felonious assaults.[3]

2. During the trial, the state called Juvenile Court Judge Robert Rodatus to testify that just a few days before the incident at the day-care center he presided over the hearing on a petition filed by Diaz to legitimate his and Sharpe's child, that he denied the petition, and that he explained to Diaz that he had no rights to the child. The state claims that it introduced this testimony to support the kidnapping charge against Diaz by showing that he knew he had no right to remove his daughter from the day-care center.

Regardless of whether such evidence was necessary or appropriate, Diaz concedes, and the trial transcript reveals, that he did not object to any of the judge's testimony. By failing to object at trial, Diaz has waived the right to appellate review of the testimony.[4]

3. The trial judge charged the jury that a person commits the offense of aggravated assault when he assaults another person with a deadly weapon. Diaz argues that the charge was incomplete because it did not contain the phrase "when used offensively" as set forth in the statutory definition of the crime. Diaz's argument, which

---

[2] See OCGA § 16-5-21 (a) (2) (person commits aggravated assault when he assaults with a deadly weapon).

[3] See OCGA § 16-11-106 (b) (1) (person who possesses a firearm during the commission of a crime against another person commits a felony).

[4] See *Self v. State*, 232 Ga. App. 735, 738 (5) (503 SE2d 625) (1998).

misconstrues the statute, has previously been rejected by the following decision in the case of *Green v. State*:[5]

> During the instructions to the jury the trial court defined aggravated assault as assault with a deadly weapon. That is the offense with which defendant was charged and the charge is accurate based on the definition of the offense contained in OCGA § 16-5-21 (a) (2). We reject defendant's argument that the trial court erred in failing to use the phrase "when used offensively" in its definition of the crime. The phrase referred to by defendant is contained within the statutory definition of aggravated assault but describes an alternative method of committing the offense of aggravated assault by employing "any object . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Defendant was indicted specifically for using a handgun which is a deadly weapon as a matter of law. See *Adsitt v. State*, 248 Ga. 237 (6) (282 SE2d 305) (1981). Defendant was not charged with the alternative method of committing the crime and thus the language requested by defendant was inapplicable.[6]

The instant case is identical to, and controlled by, *Green*. Diaz was indicted for aggravated assault by using a deadly weapon, a handgun; he was not charged with the alternative method of committing the crime. The trial court therefore properly charged the jury only on the method of aggravated assault alleged in the indictment, and not on the inapplicable alternative method.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 8, 2002.

*Webb & Webb, Michael S. Webb*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

---

[5] 209 Ga. App. 274 (433 SE2d 383) (1993).
[6] Id. at 274 (1).