## S03A0821. BROWN v. THE STATE.
(586 SE2d 323)

HUNSTEIN, Justice.

Michael Jerrod Brown was convicted of malice murder, armed robbery and other crimes arising out of the shooting death of Salvador Murillo Rodriguez.[1] Finding no error, we affirm.

---

[5] *Taylor v. State,* 274 Ga. 269, 273 (553 SE2d 598) (2001).

[6] See *Burgan v. State,* 258 Ga. 512, 515 (371 SE2d 854) (1988).

[1] The crimes occurred on March 7, 1999. Brown was indicted on eight counts on July 20, 1999 in Fulton County. A jury convicted Brown of malice murder, felony murder based on armed robbery, armed robbery, aggravated assault and possession of a firearm during the commission of a felony in a verdict rendered June 16, 2000 and filed June 24, 2000. After his conviction, Brown pled guilty to two counts of possession of a firearm by a convicted felon. Brown was sentenced on June 24, 2000 to life in prison for malice murder, with two five-year

1. The evidence adduced at trial authorized the jury to find that the victim came to an apartment seeking to purchase crack cocaine and obtain the services of a prostitute. Brown provided the crack (at an inflated price) and left the victim with a prostitute. Afterwards the men argued over the additional amounts Brown was charging. Brown pulled a gun and attempted to remove the victim's necklace. The victim resisted and offered Brown a few dollar bills and a watch or bracelet. Brown ordered the victim to empty his pockets and when no other money was found, Brown shot the victim in the head. An eyewitness to the shooting testified that the victim had no weapon and did not approach Brown. No witness heard the victim threaten Brown. The police found no jewelry on the victim after the shooting.

Brown was arrested 12 days later in a ravine after trying to evade arrest. He gave a videotaped statement to police that was consistent with his trial testimony, in which he claimed that because he already knew the victim had a gun, during their argument Brown acted first to pull out his gun, which he held by his side; the victim then grabbed Brown's hand and while attempting to take the weapon, it accidentally discharged. Brown testified that he saw the victim reaching for the victim's own weapon at the same time he wrestled with Brown over Brown's gun.

The credibility of witnesses was a question for the jury, *Harris v. State*, 267 Ga. 435 (1) (479 SE2d 717) (1997), which chose not to believe Brown's account of the crimes. The evidence adduced was sufficient to enable a rational trier of fact to find Brown guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brown contends the trial court erred by refusing to charge the jury on involuntary manslaughter. The trial court charged the jury on both self-defense and accident. Brown acknowledges that a charge on involuntary manslaughter is not generally allowed where the defendant alleges self-defense. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980). He contends, however, that the charge was required because he also asserted the defense of accident. It is well established that "if [the victim's] death was truly accidental, a charge on involuntary manslaughter in the commission of a lawful act [is] not warranted as no crime would have occurred. [Cit.]" *Clark v. State*, 271 Ga. 27, 30 (518 SE2d 117) (1999). Contrary to Brown's arguments regarding the need for a charge on involuntary manslaughter in the commission of an unlawful act other than a felony, the evi-

sentences, to run concurrently, on the possession charges. His motion for new trial, filed June 27, 2000 and amended August 2, 2002, was denied November 20, 2002. A notice of appeal was filed December 9, 2002. The appeal was docketed February 21, 2003 and was submitted for decision on the briefs.

dence adduced at trial did not reflect that Brown's use of the gun amounted to reckless conduct or another misdemeanor, given Brown's testimony that he never pointed or fired the weapon at anyone but merely held it in his hand at his side. Thus, the evidence relied upon by Brown established either that the pistol discharged accidentally when the victim wrestled Brown over its control or that Brown intentionally fired the weapon. The charge on involuntary manslaughter thus was not required. See *Seay v. State*, 276 Ga. 139 (2) (576 SE2d 839) (2003).

3. Brown challenges two charges given to the jury regarding their consideration of the defendant's statement and impeachment of witnesses. The transcript reveals that both of the charges came verbatim out of the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 2d ed., Part 3 (R) and (S).

(a) At trial the jury heard the audiotaped statement Brown gave to police in addition to Brown's testimony at trial. The trial court thereafter charged all of the pertinent provisions of Part 3 (S) of the Suggested Pattern Jury Instructions, supra, relating to statements made by a defendant after arrest, including the charge that the jury "should consider with great care and caution the evidence of any statement made by the defendant." Id. at (S) (7). We find no error in the giving of this charge. *York v. State*, 242 Ga. App. 281 (5) (c) (528 SE2d 823) (2000). "No fair reading of the challenged jury instruction, taken in context with the charge as a whole, could mislead a jury into thinking the instruction referred to [Brown's] trial testimony." Id. at 291.

(b) Brown's objection to the charge on impeachment by proof of bad character stems from the admission at trial of evidence regarding Brown's involvement with selling drugs and pimping women. However, Brown did not object to the admission of this evidence, testified himself about his drug dealing and involvement in prostitution, and did not request a charge limiting the pattern charge on impeachment. See *King v. State*, 195 Ga. App. 865 (4) (395 SE2d 1) (1990). The charge was applicable to numerous other witnesses who testified at trial. Accordingly, we find no error in the giving of this charge.

4. Brown also asserts that the admission of his statement to police violated his right against self-incrimination. Based upon our review of the evidence, including the videotape of Brown's statement, we conclude that the trial court did not clearly err by finding under the totality of the circumstances that Brown's statement was voluntary and thus admissible. See generally *Gober v. State*, 264 Ga. 226 (2) (b) (443 SE2d 616) (1994); *Borden v. State*, 247 Ga. 477 (3) (277 SE2d 9) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, *Christopher M. Quinn*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Jason C. Fisher*, Assistant Attorney General, for appellee.