## S04A1079. WYMAN v. THE STATE.
(602 SE2d 619)

CARLEY, Justice.

After a jury trial, Joshua Wyman was found guilty of felony murder during the commission of aggravated assault, two separate counts of aggravated assault, and one count of possession of a firearm during the commission of a felony. The trial court entered judgments of conviction and sentenced him to life imprisonment for the felony murder, twelve years for each count of aggravated assault to run concurrent with the life sentence, and a consecutive term of five years for the firearm possession. The trial court denied a motion for new trial, and Wyman appeals.[1]

1. Construed in support of the verdicts, the evidence, consisting primarily of eyewitness testimony, shows that a group of people gathered to watch a fistfight. When it ended, Wyman, who was related to one of the combatants, obtained a gun and began firing at Charles Grant, who was a relative of the other combatant. Grant returned fire and, during the gunfight, two other people were shot, including Byron Davis, who died as a result of the gunshot wounds. The evidence was sufficient to enable a rational trier of fact to find Wyman guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stroud v. State*, 272 Ga. 76, 77 (1) (526 SE2d 344) (2000); *Smith v. State*, 267 Ga. 372, 373 (1), 375 (477 SE2d 827) (1996). However, the count that alleged aggravated assault on Grant by shooting at him merged into the felony murder count, which alleged that Wyman caused the death of Davis during the commission of aggravated assault on Grant by firing a gun at him. Although the felony murder and the underlying felony were committed on different victims, the count of the indictment alleging felony murder sets forth the aggravated assault against Grant as the underlying felony supporting the charge of felony murder. *Walker v. State*, 254 Ga. 149, 152 (1) (327 SE2d 475) (1985). "Accordingly, a separate conviction and sentence on that aggravated assault count was not authorized and must be vacated." *Scott v. State*, 276 Ga. 195, 196 (1) (576 SE2d 860) (2003). See also *Walker v. State*, supra. A conviction and sentence on

---

[1] The crimes occurred on February 23, 2001, and the grand jury returned its indictment on April 15, 2002. The jury found Wyman guilty on June 17, 2003 and, on the same day, the trial court entered the judgments of conviction and sentences. Wyman filed a motion for new trial on July 15, 2003 and amended it on December 17, 2003. The trial court denied that motion on January 20, 2004, and Wyman filed a notice of appeal on February 10, 2004. The case was docketed in this Court on March 5, 2004 and orally argued on June 22, 2004.

the remaining aggravated assault count was authorized, as it involved a different victim than did the other aggravated assault count or the felony murder count, and it was not specified in the indictment as an underlying felony. *Satterfield v. State*, 248 Ga. 538, 541 (3) (285 SE2d 3) (1981).

2. Wyman contends that one of the jurors, Timothy Phillips, was disqualified because of his relationship to Grant, who was both a victim and co-indictee.

On voir dire, the assistant district attorney did not question the prospective jurors regarding any relationship with Grant. However, Wyman's attorneys failed to object or to make such inquiry themselves. See *Allen v. State*, 235 Ga. 709, 713-714 (221 SE2d 405) (1975). After the verdict, they discovered the possibility of a relationship between Grant and Phillips within the prohibited degree. See OCGA §§ 15-12-135 (a), 15-12-163 (b) (4). On motion for new trial, defense counsel presented testimony from Phillips that his estranged wife supposedly had the same father as Grant. However, Phillips admitted that the paternity was uncertain, and the State introduced Grant's birth certificate, which did not list the father's name. See generally *Gribble v. State*, 248 Ga. 567, 570 (4) (284 SE2d 277) (1981).

Even if Phillips was disqualified, that fact, "standing alone, is not sufficient to require the grant of a new trial." *Williams v. State*, 206 Ga. 107, 109 (2) (55 SE2d 589) (1949). See also *Allen v. State*, supra at 714; *Reid v. State*, 204 Ga. App. 358, 360 (2) (419 SE2d 321) (1992).

> [W]here, after verdict, a juror is attacked as being disqualified by reason of relationship . . ., it is essential for the accused and his counsel to establish that neither knew of the relationship, nor could it have been discovered by the exercise of ordinary diligence, prior to the rendition of the verdict . . . .

*Williams v. State*, supra at 110 (2). See also *Allen v. State*, supra; *Reid v. State*, supra.

The evidence regarding the existence of the prohibited juror relationship and notice of the possibility thereof did not demand a finding in Wyman's favor on motion for new trial. Furthermore, Phillips testified that he based his verdict only on the evidence presented at trial and was not influenced by the purported relationship with Grant in any way. "On this evidence, the trial judge denied [Wyman's] motion for new trial. '(T)his court will not interfere with his decision . . . when there is any evidence to support his finding. (Cits.)' [Cit.]" *Gribble v. State*, supra at 570 (4).

3. Wyman enumerates as error the trial court's failure to give, without request, a jury charge on voluntary manslaughter as his sole defense to murder. Although voluntary manslaughter may be a lesser

included offense of murder, it is never a defense to that crime. *Demons v. State*, 277 Ga. 724, 726 (2) (595 SE2d 76) (2004). The failure to give an unrequested charge on a lesser included offense is not error. *Sparks v. State*, 277 Ga. 72, 74 (2) (586 SE2d 645) (2003); *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). The trial court instructed the jury on the defense of justification, as Wyman requested, and he does not contend that the trial court erred in that instruction. *Sparks v. State*, supra at 73 (2).

Moreover, even assuming that Wyman requested an instruction on voluntary manslaughter as a lesser included offense, the failure to give it would not be error unless the evidence authorized a finding that he committed that crime. *State v. Stonaker*, supra. See also *Demons v. State*, supra at 726 (2). Wyman relies on testimony that, during the fistfight, Grant, with a pistol in hand, prevented Wyman from intervening to help his relative. However, this evidence does not warrant an instruction on voluntary manslaughter. See *Worthem v. State*, 270 Ga. 469, 471 (2) (509 SE2d 922) (1999).

4. The trial court gave the following jury charge on aggravated assault:

> A person commits the offense of aggravated assault when that person assaults another with a deadly weapon or with any object, device, or instrument which when used offensively against another is likely to or actually does result in bodily injury.

This charge substantially tracks the language of OCGA § 16-5-21 (a) (2), omitting only the word "serious" before the phrase "bodily injury." Wyman complains that, without this word, the instruction conveys an erroneous statutory description of the necessary degree of force or injury.

Wyman was indicted specifically for assault with a handgun, a deadly weapon. The omitted word "serious" is part of the statute related to an alternative method of committing the offense of aggravated assault. *Diaz v. State*, 255 Ga. App. 288, 290 (3) (564 SE2d 872) (2002); *Green v. State*, 209 Ga. App. 274 (1) (433 SE2d 383) (1993). That alternative method was not charged in the indictment, and a handgun is a deadly weapon as a matter of law. *Diaz v. State*, supra; *Green v. State*, supra. See also *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). Thus, the instruction cannot reasonably be deemed to have presented the jury with an alternative basis for finding Wyman guilty of aggravated assault. See *Davis v. State*, 184 Ga. App. 230, 232 (2) (361 SE2d 229) (1987). The omission of the word "serious" from the inapplicable portion of the charge on aggravated assault is not reversible error. Under the circumstances, the jury instruction

" 'was surplusage and even if erroneous, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal.' [Cits.]" *Brown v. State*, 211 Ga. App. 267-268 (438 SE2d 713) (1993). After examining the evidence and the charges, we do not find any such prejudice or harm.

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Phillips & Kitchings, Richard D. Phillips, Joseph C. Kitchings,* for appellant.

*Tom Durden, District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.