### A08A0977. CHAPPELL v. THE STATE.
(659 SE2d 919)

BLACKBURN, Presiding Judge.

Following a jury trial, Natonya Travis Chappell appeals his conviction for aggravated assault, arguing that the trial court erred in instructing the jury "that a firearm, when used as such, is a deadly weapon as a matter of law." Because this instruction is correct, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that when an acquaintance denied Chappell his request to ride in the acquaintance's vehicle, Chappell pulled out a handgun and shot three or four times into the vehicle at the acquaintance in the driver's seat. The bullets shattered the vehicle's driver side window, spraying the acquaintance with glass that lacerated his face and

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

injured his eye. One bullet struck the acquaintance in the neck. The acquaintance managed to drive away and continued to a hospital, where he was treated.

Indicted for aggravated assault with a deadly weapon,[2] Chappell claimed at trial that the testimony of the acquaintance and of a passenger in the vehicle was incredible. Rejecting this tact, the jury found him guilty. On appeal, he argues that the trial court erred in instructing the jury "that a firearm, when used as such, is a deadly weapon as a matter of law." Claiming that a firearm (such as one containing blanks) is not necessarily always deadly, he asserts that the jury should always be allowed to decide whether a firearm (even when used as such) is a deadly weapon under OCGA § 16-5-21 (a) (2).

The Supreme Court of Georgia rejected this argument in *Adsitt v. State*,[3] holding that a shotgun that was intentionally pointed at another in a threatening manner was a deadly weapon under OCGA § 16-5-21 (a) (2) as a matter of law. "The trial court did not err in its instructions by taking the 'deadliness' issue from the jury." Id. at 240 (6). See *Brown v. State*.[4]

Similarly, "a handgun is a deadly weapon as a matter of law." *Wyman v. State*.[5] See *Diaz v. State*.[6] Intentionally pointing a handgun at a victim means that the handgun "is a 'deadly weapon' within the meaning of OCGA § 16-5-21 (a) as a matter of law even [if it were] loaded only with blanks." *Veal v. State*.[7]

The trial court did not err in its instruction to the jury.
*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 1, 2008.

*Kevin Kwashnak*, for appellant.
*Cecilia M. Cooper, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellee.

---

[2] OCGA § 16-5-21 (a) (2).
[3] *Adsitt v. State*, 248 Ga. 237, 240-241 (6) (282 SE2d 305) (1981).
[4] *Brown v. State*, 211 Ga. App. 267, 267-268 (438 SE2d 713) (1993).
[5] *Wyman v. State*, 278 Ga. 339, 341 (4) (602 SE2d 619) (2004).
[6] *Diaz v. State*, 255 Ga. App. 288, 290 (3) (564 SE2d 872) (2002).
[7] *Veal v. State*, 191 Ga. App. 445, 446 (2) (382 SE2d 131) (1989).