S09A1184. FINLEY v. THE STATE.
(685 SE2d 258)

HUNSTEIN, Chief Justice.

Appellant Anthony Finley appeals from the denial of his motion for new trial following his convictions arising from the murder of Arthur Levell, the aggravated assault of Ronney Montfort, and the battery of Yolanda Dennis.[1]

1. The evidence authorized the jury to find that Finley and his

---

[1] The crimes occurred on December 12, 2004. Finley was indicted in Fulton County on December 13, 2005 and charged with malice murder, felony murder based on the aggravated assault of Levell, felony murder based on the aggravated assault of Montfort, felony murder based on possession of a firearm by a convicted felon, two counts of aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and the simple battery of Dennis. Following a jury trial held January 9-13, 2006, Finley was acquitted of malice murder and found guilty on all other counts. The trial court merged the underlying felonies with the felony murder convictions, sentencing Finley to three concurrent terms of life imprisonment, a five-year consecutive term for possession of a firearm during the commission of a felony, and a concurrent 12-month term for simple battery. Finley's motion for new trial was filed on January 26, 2006, amended on October 2, 2006 and April 29, 2008, and denied on September 18, 2008. A second order denying Finley's motion for new trial was entered on October 21, 2008, and Finley filed a notice of appeal on October 27, 2008. The appeal was docketed in this Court on April 7, 2009 and submitted for decision on the briefs.

friend Levell went to a "liquor house" operated by Montfort, where Finley encountered his girlfriend Dennis. Finley and Dennis went outside, where they argued and "tussled." When Montfort came out and attempted to stop the commotion, Finley pulled a gun. Levell stepped between Finley and Montfort, and the gun discharged, fatally wounding Levell. Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Finley guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Finley claims that the trial court erred by failing to bifurcate his trial in order to separately try the charge of possession of a firearm by a convicted felon. However, "[t]he possession charge was an underlying felony for one of the felony murder counts of the indictment, and therefore, bifurcation was not authorized. [Cit.]" *Daniel v. State*, 285 Ga. 406, 409 (4) (677 SE2d 120) (2009). As for Finley's related claim that the trial court erred by failing to give the jury a limiting instruction regarding consideration of the prior felony conviction, we find no error because the record establishes that Finley failed to make a proper request in writing after being directed to do so by the trial court. See *Thomas v. State*, 218 Ga. App. 371 (2) (461 SE2d 305) (1995).

3. Finley maintains that the trial court erred by admitting his custodial statement because the detective continued to question him after he had requested an attorney, in violation of his rights under the Fifth Amendment and *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). He claims that his "guarded responses" to such questioning were used by the State at trial as an indicator of his guilt.

> When a defendant invokes his right to counsel, police must cease all further interrogation until counsel is made available to defendant. However, if after invoking his right to counsel a defendant initiates further communication with police and knowingly and intelligently waives his right to counsel, police can question defendant further. [Cit.]

*Holmes v. State*, 284 Ga. 330, 332 (5) (667 SE2d 71) (2008). Our review of Finley's videotaped statement reveals that Finley invoked his right to counsel as the detective was reading his *Miranda* rights. The detective completed his explanation of those rights and asked only if Finley understood. After answering in the affirmative, Finley went on to state that there had been no confrontation and that he and Dennis had only been "playing." Finley repeated his request to speak with a lawyer and when the detective indicated his under-

standing, Finley spontaneously stated that "it was an accident" before again requesting an attorney. The detective concluded the session.

We find that Finley's comments were the result of his initiation of communication with police, and conclude that the resulting waiver of his previously invoked right to counsel was made knowingly and intelligently. Accordingly, the trial court's admission of Finley's statement was not clearly erroneous. See generally *Bell v. State*, 284 Ga. 790 (2) (671 SE2d 815) (2009).

4. Finley argues that the trial court erred by failing to give his requested jury charges on voluntary and involuntary manslaughter.

(a) Voluntary manslaughter occurs "under circumstances which would otherwise be murder and if [the defendant] acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). Finley testified that he was backing up and trying to leave when Levell was pushed into him and that Levell tried to catch himself by grabbing Finley's arm, which caused the gun to discharge. The evidence did not show that Finley was impassioned when the killing occurred, see *Walker v. State*, 281 Ga. 521, 524-525 (6) (640 SE2d 274) (2007), and, although there was testimony that Finley and Montfort "had words," this was insufficient to establish that Finley was seriously provoked. See *Riggins v. State*, 279 Ga. 407 (2) (614 SE2d 70) (2005) (words alone cannot constitute serious provocation). Accordingly, the trial court's refusal to charge the jury on voluntary manslaughter was not error.

(b) Finley claimed self-defense, in that he grabbed a gun from Levell because he felt threatened by Montfort, and accident, in that the gun accidentally discharged; the trial court charged the jury on both of these defenses. "[A] charge on involuntary manslaughter is not generally allowed where the defendant alleges self-defense. [Cit.]" *Brown v. State*, 277 Ga. 53, 54 (2) (586 SE2d 323) (2003). As for Finley's defense of accident, "[i]t is well established that 'if (the victim's) death was truly accidental, a charge on involuntary manslaughter in the commission of a *lawful* act (is) not warranted as no crime would have occurred. (Cit.)' [Cit.]" (Emphasis supplied.) Id. See OCGA § 16-5-3 (b) (defining involuntary manslaughter in commission of lawful act in unlawful manner).

Finley argues that he was entitled to an instruction on involuntary manslaughter in the commission of an *unlawful* act; however, this offense requires evidence of an unintentional killing "by the commission of an unlawful act *other than a felony*." (Emphasis supplied.) OCGA § 16-5-3 (a). Here, the evidence adduced at trial did not reflect that the killing resulted from an act other than a felony, given Finley's status as a convicted felon and his admission

50

that he possessed a gun, however briefly. See OCGA § 16-11-131 (b) (possession of firearm by convicted felon is felony offense). Accordingly, the trial court's refusal to charge the jury on the offense of involuntary manslaughter was not error.

5. Finley argues that the trial court erred by charging the jury that

> [i]f you *do not* believe beyond a reasonable doubt under all the evidence and the court's instruction that the defendant is guilty of the offense of felony murder, then you must specify in your verdict, and the form of your verdict in that event would be: We, the jury, find the defendant *guilty* of felony murder.

(Emphasis supplied.) " 'It is axiomatic that the jury charge is to be read as a whole, and that a single lapsus linguae, preceded and followed by correct instructions, will not vitiate a thorough and otherwise correct instruction.' [Cit.]" *Davenport v. State*, 283 Ga. 171, 173 (4) (656 SE2d 844) (2008). Here, the slip of the tongue at issue was both preceded and followed by correct statements of the law as to the relationship between the State's burden of proof and the verdict to be rendered. Thus, considering the charge in its entirety, the trial court's misstatement did not amount to reversible error. See *Delacruz v. State*, 280 Ga. 392, 398 (5) (627 SE2d 579) (2006).

6. Finley contends that the trial court erred by giving the jury an oral instruction on the offense of aggravated assault that differed from the written copy of that instruction sent out with the jury for use during its deliberations.[2] He concedes, however, that the written jury instructions were not made a part of the record. "An appellant has the burden of proving trial court error by the appellate record, and must compile a complete record of what transpired in the trial court." (Footnote omitted.) *Ware v. State*, 279 Ga. 17, 18 (2) (608 SE2d 643) (2005). Because Finley failed to do so, this enumeration of error presents nothing for our review.

7. In a related argument, Finley alleges that the trial court erred by providing a written copy of its charge to the jury for use during deliberations. This Court has made clear that such a practice is acceptable, *Fletcher v. State*, 277 Ga. 795 (4) (596 SE2d 132) (2004),

---

[2] The trial court charged the jury that "a person commits the offense of aggravated assault when that person assaults another person with a deadly weapon." See OCGA § 16-5-21 (a) (2). Finley surmises that the written charge differed because the jury submitted the following question to the trial court: "Does the victim of aggravated assault have to view the weapon? For Part B to apply? Or only intent to threaten?"

and the trial court was within its discretion in employing it.

8. Finley claims that the trial court's charge to the jury on the offense of aggravated assault was incomplete because it stated only that an aggravated assault occurs when a person assaults another with a deadly weapon, failing to specify that the weapon must be "used offensively," as provided in the statutory definition of the crime. OCGA § 16-5-21 (a) (2) defines aggravated assault as an assault "[w]ith a deadly weapon *or* with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." (Emphasis supplied.) The phrase "when used offensively" describes an alternative method of committing aggravated assault, i.e., by use of an object other than one considered a deadly weapon. See *Diaz v. State*, 255 Ga. App. 288 (3) (564 SE2d 872) (2002). Finley was charged with two counts of aggravated assault by use of a deadly weapon, not with the alternative method provided by the statute. Thus, the language at issue was inapplicable and the trial court did not err in failing to include it in the aggravated assault jury charge. See also *Wyman v. State*, 278 Ga. 339 (4) (602 SE2d 619) (2004).

9. Finley alleges that the trial court violated OCGA § 17-8-57[3] in three respects. For the reasons that follow, we conclude that there was no violation.

(a) The trial court interposed several questions of State's witness Dennis regarding Finley's whereabouts immediately after the shooting and his behavior towards her at the scene.[4] A trial judge may propound questions to a witness to develop the truth of the case or to clarify testimony, *Dickens v. State*, 280 Ga. 320 (3) (627 SE2d 587) (2006), and the extent of such an examination is a matter for the trial court's discretion. *Mullins v. State*, 269 Ga. 157 (3) (496 SE2d

---

[3] "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

[4] During direct examination regarding Levell's condition after the shooting, the trial court asked, "Was Mr. Finley anywhere around?" During re-cross examination regarding the statement Dennis gave to police on the night of the crime, the following exchange took place:

Q: Now, the slapping that the statement says occurred, you are telling the jury that you don't remember being slapped and pushed down?
A: No, Ma'am.
Q: Now –
THE COURT: That's not true that he slapped you?
A: No, sir. He didn't slap me.
THE COURT: He didn't throw you down?
A: No, sir. He didn't throw me down.
THE COURT: And he didn't say he was going to kill you?
A: No, sir, he didn't.
THE COURT: That's all untrue?
A: Yes, sir. It is untrue.

252) (1998). Because our review of the transcript reveals no expression or intimation of opinion by the trial court in the exchanges at issue, this enumeration of error is without merit.

(b) Prior to charging the jury on the offense of possession of a firearm by a convicted felon, the trial court stated that "*the State has alleged* felony murder in that the defendant was a felon and had no business with a firearm." (Emphasis supplied.) The indictment charged Finley with possession of a firearm by a convicted felon, and " '[a] mere statement by the trial court as to what the adverse parties contend is not a statement of opinion by the court.' [Cits.]" *Harper v. State*, 213 Ga. App. 444, 447 (3) (445 SE2d 303) (1994).

(c) During deliberations, the jury submitted two written questions regarding the definition of aggravated assault.[5] In responding to the questions and related hypothetical situations posed by the jury, the trial court made clear that it was not addressing the facts of Finley's case or any legal conclusions to be drawn therefrom. Because our review of the transcript reveals "no indication that the court assumed certain things as facts and intimated to the jury what it believed the evidence to be," *Turner v. State*, 259 Ga. 873 (2) (388 SE2d 857) (1990), the trial court did not violate OCGA § 17-8-57. See also *Bates v. State*, 275 Ga. 862 (4) (572 SE2d 550) (2002).

10. The trial court sentenced Finley to three concurrent terms of life imprisonment based on his three felony murder convictions. However, Finley " ' 'may not be convicted on (three) felony murder counts when only one person was killed because such action improperly subjects (him) to multiple convictions and punishments for one crime.' [Cits.]" *Turner v. State*, 281 Ga. 487, 490 (3) (640 SE2d 25) (2007). Accordingly, we remand this case to the trial court for resentencing. See id.

*Judgment affirmed in part and vacated and remanded in part. All the Justices concur.*

DECIDED OCTOBER 5, 2009 —
RECONSIDERATION DENIED NOVEMBER 2, 2009.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[5] As to the first question, see Division 6, supra, n. 2. The second question was: "Is the presence of a locked and loaded gun aggravated assault?"