## S99A1686. STROUD v. THE STATE.
### (526 SE2d 344)

THOMPSON, Justice.

Donnis Stroud appeals from the judgment of conviction and sentences entered for the offenses malice murder, felony murder, two counts of aggravated assault, and theft by receiving stolen property.[1] Finding no reversible error, we affirm.

On the night of the shooting, Stroud and his co-defendant Gary Oliver were involved in a gunfight with a group of men in the parking lot of an apartment complex.[2] The murder victim, Fred Womble, happened to be standing on the porch of his apartment when he was struck by a bullet and he bled to death as a result of a severed artery. Another victim testified that he ducked for cover when shots were fired at him.

Stroud telephoned his girlfriend later that night and told her he had been in a gunfight at the apartment complex, that he had fired at a group of men, and believed he had shot a man who was standing on his porch. Shortly thereafter, Stroud gave his .45 caliber pistol to her for safekeeping. Ultimately, the gun was turned over to the police. It was established that shell casings found at the crime scene had been fired from Stroud's gun. The evidence also established that a grey Honda automobile had been stolen from its owner at gunpoint three days earlier. Stroud told his girlfriend he had obtained the car as a result of a "jacking," and she observed the car parked in front of the home of Stroud's mother. The car was recovered at the apartment complex following the shooting. Stroud's fingerprints were lifted from the vehicle.

The State's theory of the case was that Stroud and his companion had unsuccessfully attempted to rob certain residents of the apartment complex three days earlier, and that the two defendants went to that area on the night in question in search of those individuals. Stroud's co-defendant described the first encounter to a family friend. In addition, one of the aggravated assault victims testified that on the night of the shooting, he observed the defendants

---

[1] The crimes occurred on December 29, 1992. A true bill of indictment was returned on May 25, 1993, charging Stroud with malice murder, felony murder, aggravated assault (two counts) and theft by receiving stolen property (auto). Trial commenced on January 4, 1994, and the jury returned a verdict of guilty on all counts on January 14, 1994. Stroud was sentenced on February 15, 1994 to life imprisonment for malice murder, plus three concurrent terms of twenty years. A motion for new trial was filed on February 11, 1994, amended on February 17, 1994, and denied on July 10, 1998. A motion to file an out-of-time appeal was granted on December 22, 1998, and a notice of appeal was filed on December 28, 1998. The case was docketed in this Court on August 12, 1999, and was submitted for decision on briefs on October 4, 1999.

[2] The evidence showed that Oliver and Stroud ran in separate directions when the shooting began. Oliver was tried jointly with Stroud and was acquitted of all charges.

approach his friend who was speaking on a pay phone. After some words were exchanged, the man quickly left the phone booth with the defendants in pursuit, and the gunfire followed.

1. The evidence was sufficient to enable a rational trier of fact to find Stroud guilty of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Stroud asserts that certain statements made by the prosecution during opening statement and in closing argument were prejudicial and constitute reversible error.

In opening statement the prosecution suggested the evidence would show that the defendants "are members of a robbing crew," specifically referring to the theft of the Honda automobile three days before the shooting. In closing argument, the prosecutor referred to a robbery perpetrated by the defendants several days before the shooting. However, our review of the record reflects that there was no contemporaneous objection to the allegedly improper argument. Since Stroud did not interpose a timely objection, and we find no reasonable probability that the argument, even if improper, would have changed the outcome of the trial, we find no basis for reversal. *Pye v. State*, 269 Ga. 779 (19) (505 SE2d 4) (1998).

Stroud also challenges the prosecutor's closing remark that an acquittal would give the defendants "a license to do it again." Under present authority, argument that a defendant represents a future danger to society is impermissible when a jury is determining guilt or innocence. *Carter v. State*, 269 Ga. 891 (5) (506 SE2d 124) (1998); *Sterling v. State*, 267 Ga. 209 (2) (477 SE2d 807) (1996). However, considering the overwhelming evidence of guilt, we find it highly unlikely that this statement contributed to the verdict. Thus, any error in the State's argument was rendered harmless. *Carter*, supra.

3. Stroud also asserts the State improperly placed his character in issue. To the extent that these alleged errors occurred during the State's opening statement and closing argument, Stroud interposed no objection on the ground of improper character evidence. Nor has Stroud otherwise shown that an objection to the admissibility of improper character evidence was overruled at any other time during trial. And while he argues that the character evidence was admitted in violation of a ruling in limine, he acknowledges that the trial court reserved ruling on such a motion. Where no ruling by the trial court was ever invoked and the allegedly improper evidence was admitted without objection, there is nothing for this Court to review. See *Rich v. State*, 254 Ga. 11 (1) (325 SE2d 761) (1985); *Brown v. State*, 193 Ga. App. 26 (3) (386 SE2d 903) (1989); *Hicks v. State*, 175 Ga. App. 243 (1) (333 SE2d 113) (1985).

4. Stroud claims he was denied effective assistance of trial counsel because counsel failed to file a motion in limine to exclude evi-

dence of the car jacking and engaged in unprofessional name calling with the prosecutor.

Whether to file pretrial motions and how to argue them are strategic decisions, and when reasonable in the context of the case, do not constitute error. See generally *Johnson v. State*, 268 Ga. 416 (4) (490 SE2d 91) (1997). And while we certainly strive to promote professionalism and civility on the part of the bar, Stroud's claim that he was denied effective assistance of counsel is merely speculative. Accordingly, he has not met his burden of establishing error and prejudice under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000.

Wanda S. Jackson, Caprice R. Jenerson, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.