## S07A0008. SHELTON v. THE STATE.
(641 SE2d 536)

SEARS, Chief Justice.

Keith Shelton was convicted in 2003 of malice murder, aggravated assault, and related offenses for his role in the shooting death of Eddie Coleman and the aggravated assault of Georgia Mae Coleman.[1] Shelton appeals, arguing that the evidence was insufficient to sustain his convictions and that he received ineffective assistance of counsel. Finding no merit to these contentions, we affirm the convictions.

1. The evidence presented at trial showed that on July 5, 2003, police responded to a shooting at Georgia Mae Coleman's residence. Police found Ms. Coleman in the street, wounded and seeking help for herself and her son, Eddie Coleman. Police found Eddie Coleman in the house. He had been shot in the head and died at the hospital a few days later.

According to multiple witnesses, several people, including Shelton, had been visiting in Ms. Coleman's front yard earlier that day. Shelton threatened another man, Johnny Ellington, over Ellington's failure to pay for work that Shelton had performed on a lawn mower. Shelton went to his home, retrieved a rifle and a pistol, and returned to Ms. Coleman's house. Shelton was angry, and the other people present attempted to persuade him to calm down. Shelton put the rifle in his car but retained the pistol, which was concealed in his boot.

---

[1] The crimes were committed on July 5, 2003. On October 17, 2003, Shelton was indicted by a Randolph County grand jury for malice murder, aggravated assault, possession of a firearm in the commission of a crime, and carrying a concealed weapon. On November 14, 2003, a Randolph County jury convicted Shelton of all counts. On December 23, 2003, Shelton received a life sentence for malice murder, a twenty-year consecutive sentence for aggravated assault, a five-year consecutive sentence for the possession offense, and a one-year consecutive sentence for carrying a concealed weapon. Shelton moved for a new trial on January 6, 2004, and amended that motion on January 19, 2005. A hearing on the motion was held on June 9, 2006, and the trial court denied the motion on June 29, 2006. Shelton filed a timely notice of appeal. The case was docketed in this Court on August 29, 2006, and submitted for decision on the briefs.

Eventually, Shelton went inside Ms. Coleman's house and demanded money from Eddie Coleman. Eddie told Shelton that he was not afraid of him, stood up, and moved slowly towards Shelton. Shelton pulled the pistol from his boot and shot Eddie. Ms. Coleman stood up and screamed at Shelton, who responded by shooting her as well. Shelton then forced the others to lie on the floor and fled the scene. Police apprehended him a short time later and recovered the pistol and the rifle.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Shelton guilty of the crimes for which he was convicted.[2]

2. Shelton claims that his attorney rendered ineffective assistance of counsel by calling Teresa Johnson to testify, by failing to move for a change of venue, and by failing to sufficiently discuss the case with Shelton before trial. In order to prevail on his claims, Shelton has the burden to show that his trial counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial would have been different.[3]

Johnson originally gave a statement to police that supported Shelton's self-defense claim but subsequently recanted the statement. At trial, she testified that her original statement had been erroneous and that Shelton's actions had not been justified. At the hearing on the motion for new trial, Shelton's trial counsel testified that Shelton demanded that he call Johnson to testify because Shelton was convinced that she would again support his self-defense claim in her sworn testimony. Trial counsel testified that he knew that her testimony could be damaging but that he presented her testimony because Shelton insisted and because it would at least allow the jury to hear her original statement. We find that trial counsel's strategic decision to call Johnson to testify, particularly in light of Shelton's demand that he do so, does not amount to ineffective assistance.[4]

As to Shelton's other ineffective assistance claims, there is no evidence that a change of venue would have been granted or that trial counsel was unprepared for trial. All the jurors who knew Shelton or any of the other witnesses to the crime were dismissed from the jury pool, and trial counsel testified that the case had not received much

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[4] *Myers v. State*, 275 Ga. 709, 713-714 (572 SE2d 606) (2002); *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993).

pre-trial publicity. Trial counsel also testified that he met with Shelton on numerous occasions and was adequately prepared for trial. Shelton has failed to establish either that his attorney performed deficiently or that Shelton suffered any prejudice as a result of his attorney's performance.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Gerald B. Williams*, for appellant.

*Charles M. Ferguson, District Attorney, Ron S. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

---

[5] *Morgan v. State*, 275 Ga. 222, 228 (564 SE2d 192) (2002); *Stroud v. State*, 272 Ga. 76, 78 (526 SE2d 344) (2000).