## A07A0634. CARPENTER v. THE STATE.
(645 SE2d 709)

MILLER, Judge.

Following a jury trial, Sandra Kaye Carpenter was convicted of aggravated assault, possession of a firearm during the commission of a crime, and criminal trespass. Carpenter filed a motion for new trial, which was denied by the trial court. She now appeals, alleging ineffective assistance of counsel in that her counsel failed to move to suppress her videotaped custodial statement to the police and failed to object to a portion of the prosecutor's closing argument. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that Carpenter was involved in a sexual relationship with Stephen Christopher Rhodes and his wife, Sandra Rhodes, that began in March 2002. In September 2002, Mrs. Rhodes moved to Alabama to live with Carpenter, but she returned to live with her husband and children in or around February 2003.

On March 8, 2003, Carpenter went to the Rhodes' home with a pistol. Mr. Rhodes saw Carpenter walking toward the home and called the police. As Mr. Rhodes approached Carpenter to let her know that the police were on the way, she shot him in the arm. Following her arrest, Carpenter admitted the shooting, but claimed that she shot Mr. Rhodes because he had a history of violence and was charging after her.

For Carpenter to prevail on her claim of ineffective assistance of counsel, she must establish two things: (1) deficient performance of trial counsel, and (2) that the deficiency was prejudicial to her defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). The trial court ruled that Carpenter failed to show that her counsel's performance was deficient, and this Court will not disturb a trial judge's findings as to deficient performance or prejudice to the defendant unless clearly erroneous. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

1. Carpenter first claims ineffective assistance in that her counsel failed to move to suppress her videotaped custodial statement to the police. Carpenter argues that the statement was inadmissible because it was induced by a promise of leniency. Even if the statement could have been excluded, however, we hold that the performance of Carpenter's trial counsel was not deficient because the videotaped statement was consistent with the defense's theory of justification.

Following her arrest, Carpenter was advised of her *Miranda* rights and interviewed by the police. She claimed that Mrs. Rhodes had asked her to come to the house, that she brought the pistol because Mr. Rhodes had been threatening Mrs. Rhodes, and that she shot Mr. Rhodes because he charged at her and she was scared. After providing her statement, Carpenter agreed to provide it again while being videotaped. Prior to the taping of Carpenter's statement, however, a police officer was recorded saying, "You okay? Sandy? You sure? This isn't nothing that can't be fixed, all right?"

Carpenter now claims that the officer's statement amounted to a promise of leniency, which invalidated the videotaped statement that followed. Pretermitting whether the officer's statements could be construed as promising some benefit to Carpenter, a review of the record shows that the videotaped statement supported Carpenter's explanation of the shooting and allowed the jury to hear evidence that was unfavorable to Mr. Rhodes, such as Carpenter's assertions that he had threatened to kill her, had a history of violence, and had raped Mrs. Rhodes on several occasions. Moreover, Carpenter had confessed to the shooting before the police officer made the statement at issue.

"[I]n evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Punctuation and footnote omitted.) *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999). Here, trial counsel permitted the introduction of the videotaped statement because it supported Carpenter's justification defense. The fact that Carpenter now finds fault with trial counsel's tactics and strategy does not require a finding that she received deficient representation. *Byrd v. State*, 274 Ga. 58, 61 (2) (548 SE2d 2) (2001) (finding no ineffective assistance where trial counsel permitted introduction of custodial statement because it supported defense strategy).

2. Carpenter's second claim of ineffective assistance is based on her trial counsel's failure to object to a portion of the prosecutor's closing argument. Carpenter argues that the prosecutor's argument was improper because it asked the jurors to imagine themselves in the victim's place and implied that Carpenter posed a threat of danger to others if the jury failed to convict her. We disagree.

During his closing argument, the prosecutor said:

You know, at the most in this case, the victim, Chris Rhodes, looked at that defendant [with a] mean [expression], in his own home. I'll tell you, if that's all it takes to shoot somebody, all of us married people are going to be a little bit worried. There's going to be blood in the streets. That's not what the law of self-defense is about. You don't go to somebody's house in the middle of the night and show up and bust in their house and be justified in shooting them.

A prohibited "golden rule" argument is one which, either directly or by implication, tells the jurors that they should place themselves in the position of the victim in rendering a verdict. *Braithwaite v. State*, 275 Ga. 884, 885 (2) (b) (572 SE2d 612) (2002). Where a jury is determining guilt or innocence, an argument is also improper if it implies that the defendant represents a future danger to society. *Stroud v. State*, 272 Ga. 76, 77 (2) (526 SE2d 344) (2000).

Contrary to Carpenter's claim, the prosecutor's argument did not ask the jury to put themselves in the victim's place. Neither did the argument imply that the defendant represented a future danger to society. Instead, the argument demonstrated that it would be nonsensical to find that a mean look could justify a shooting. Given that Carpenter's defense relied on the jury finding that she was justified in shooting Mr. Rhodes, this argument was not improper.

Carpenter has failed to establish that her trial counsel's performance was deficient, and, as a result, we will not disturb the trial court's denial of her motion for new trial based on ineffective assistance of counsel. See, e.g., *Bates v. State*, 259 Ga. App. 232, 234 (3) (a) (576 SE2d 619) (2003).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 8, 2007.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.