## A89A1827. THE STATE v. BROOKS.
(390 SE2d 673)

COOPER, Judge.

On August 6, 1988, a police officer stopped the vehicle appellee was driving and issued to appellee uniform traffic citations for speeding, driving under the influence, and driving with a suspended license (OCGA § 40-5-121). The solicitor filed an accusation in October 1988, charging appellee with the same violations, to which accusation appellee filed a general demurrer in February 1989, contending that the count accusing him of driving with a suspended license was fatally defective. After conducting a hearing on the matter, the trial court granted the demurrer and dismissed that count of the accusation. The State appeals from the trial court's action.

Appellee contended, and the trial court ruled, that the arresting officer's failure to comply with OCGA § 40-5-121 (b) (1) (1988) resulted in a statutorily-mandated end to the prosecution. The version of OCGA § 40-5-121 (b) (1) in effect when the citations were issued and the accusation filed provided that "[t]he charge of driving with a suspended license shall not be made unless the arresting officer has verified a service date and such date is placed on the Uniform Cita-

tion."[1] It is undisputed that the arresting officer did not verify the service date and place it on the uniform traffic citation issued to appellee for driving with a suspended license. Thus, under the clear mandate of that version of the statute then in effect, no charge of driving with a suspended license could be made against appellant.

Actual or legal notice to the defendant of the suspension of his license is an element of the offense of driving while his license is suspended. *State v. Orr*, 246 Ga. 644 (272 SE2d 346) (1980). Requiring an officer to verify and record when a driver received actual or legal notice of the license suspension before charging the driver with driving while his license is suspended may, as the State believes, "produce absurd results." However, the requirement at issue was the law of this State for nine months, and we may not sanction noncompliance because we perceive it to be unnecessary or cumbersome. Inasmuch as the Legislature has amended the statute, the "absurd result" has a definitively short life span.

The State argues that it was prosecuting appellee under OCGA § 40-5-121 (a), not § 40-5-121 (b). Subsection (a) sets forth the offense of driving while a license is suspended or revoked, and subsection (b) states when the charge of driving with a suspended license cannot be made. A prosecution must be made under subsection (a) since it sets forth the offense; however, no prosecution for driving with a suspended license can proceed without reference to and compliance with subsection (b). Subsection (a) cannot, as the State wishes, be read in a vacuum.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Judith C. Emken, Assistant Solicitors*, for appellant.
*William M. Davidson, Stephen P. Fuller*, for appellee.

[1] The version of the statute now in issue was in effect from July 1, 1988 until April 10, 1989. The current statute requires such verification only where the license suspension is the result of a failure to respond to a citation (OCGA § 40-5-56) or an insurance cancellation. See OCGA § 40-5-121 (b) (1) (1989); Ga. L. 1989, p. 519, § 15.