A00A1402. D'AMBROSIO v. THE STATE.
(536 SE2d 218)

PHIPPS, Judge.

This is a pro se appeal by Joseph D'Ambrosio from his conviction of two counts of driving on a suspended license.[1] Finding no merit in any of the constitutional, jurisdictional, or evidentiary challenges he makes, we affirm.

Accusations in the State Court of Gwinnett County charged D'Ambrosio with numerous traffic violations. Following arraignment, he filed a notice of removal of the prosecution to federal district court

---

pursuant to 28 USC § 1446. Under subsection (c) (1) and (3) of the federal statute, the filing of a notice of removal shall not prevent the state court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

Before this case came on for trial in the State Court of Gwinnett County, the federal court entered an order denying D'Ambrosio's request that the state court prosecution be enjoined. The order, however, failed to remand the prosecution to state court.

At trial, the jury found D'Ambrosio guilty of two counts of driving on a suspended license based on his commission of this offense on two separate dates. Several days after entry of D'Ambrosio's convictions and sentence, the federal court entered a new order correcting its earlier order by adding remand language. D'Ambrosio's sentence was vacated and then reentered following another sentencing hearing.

1. D'Ambrosio challenges the jurisdiction of the Georgia court and the constitutionality of this prosecution based on assertions that there was no evidence that he drove or operated a motor vehicle on a public highway in this state,[2] or that he resided in this state so as to be subject to a requirement that he obtain a Georgia driver's license.[3]

Testimony from the arresting officer and supporting documentation showed that D'Ambrosio resided in Snellville, Georgia, and that he was operating a motor vehicle on public highways in Gwinnett County on the dates in question after his Georgia driver's license had been suspended. "Under its police power the State may control generally the operation of motor vehicles upon a public highway, and any constitutional attack upon the exercise of such police power as being unconstitutional is without merit. [Cits.]"[4]

2. D'Ambrosio complains that he was not given adequate notice of the resentencing hearing, as it was held the day after the notice was mailed to him. The record, however, shows that the hearing was held over one week after the notice was mailed.

3. In his final enumeration, D'Ambrosio complains that the suspension of his driver's license was in error because it was based on convictions or charges which were either expunged from his record or are subject to collateral attack on constitutional grounds.

This enumeration is without merit for at least two reasons. It is unsupported by the record. Moreover, the offense of driving a motor vehicle when one's privilege to do so has been suspended is an offense

---

[2] OCGA § 40-5-121 (a).
[3] OCGA §§ 40-5-20; 40-5-21.
[4] *Ward v. State*, 188 Ga. App. 372-373 (1) (373 SE2d 65) (1988).

separate and distinct from the offenses which led to the suspension.[5] Until the license is reinstated, it is illegal to drive.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JUNE 22, 2000 —
RECONSIDERATION DENIED JULY 11, 2000 

Joseph J. D'Ambrosio, *pro se.*
Gerald N. Blaney, Jr., *Solicitor, Gary S. Vey, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellee.

---

[5] Cf. *Smith v. State*, 248 Ga. 828, 830 (3) (286 SE2d 709) (1982).