### A01A2081. MOBLEY v. THE STATE.
(557 SE2d 488)

BARNES, Judge.

Lloyd Mobley appeals from his conviction of driving with a suspended license, contending the trial court erred in allowing the prosecution to go forward. Mobley asserts that the arresting officer failed

---

[6] *Gantt v. Bennett*, 231 Ga. App. 238, 246 (10) (499 SE2d 75) (1998).
[7] See, e.g., *Foster v. State*, 264 Ga. 369 (1) (444 SE2d 296) (1994).

to comply with the following requirement of OCGA § 40-5-121 (b) (1): "The charge of driving with a suspended or disqualified license shall not be made where the suspension is a result of a failure to respond under Code Section 40-5-56 or an insurance cancellation unless the arresting officer has verified a service date and such date is placed on the uniform citation." The record in this case shows that Mobley's license was suspended under OCGA § 40-5-56 for failing to appear at a hearing for a traffic offense and that the officer arrested him for driving with a suspended license. Instead of issuing a citation to Mobley, however, the officer took him into custody and obtained an arrest warrant. Mobley was never given a uniform citation listing the service date nor a copy of his arrest warrant.

In *State v. Brooks*, 194 Ga. App. 465 (390 SE2d 673) (1990), we interpreted a broader predecessor to the current version of OCGA § 40-5-121 (b) (1) in a case in which the officer did not verify and place the service date on the uniform citation issued to the appellant. We held that "under the clear mandate of : . . the statute . . . , no charge of driving with a suspended license could be made against appellant." Id. at 466. As in *Brooks*, supra, "we may not sanction non-compliance [with the statute] because we perceive it to be unnecessary or cumbersome." Id.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 2001.

*Robert L. Mack, Jr.*, for appellant.
*Keith C. Martin, Solicitor-General*, for appellee.