### A02A2413. ALLMAN v. THE STATE.
(575 SE2d 710)

JOHNSON, Presiding Judge.

David Allman appeals from his conviction for driving with a suspended license. He argues that the state did not comply with OCGA § 40-5-121 (b) (1) and did not prove that he received notice of his

---

license suspension, and that the court erred in allowing testimony from a witness who was not on the state's witness list. The arguments are without merit, and we therefore affirm Allman's conviction.

On September 26, 2000, Allman was driving his car in Atlanta when a police officer stopped him and gave him a traffic citation for failing to wear a seat belt. The citation ordered Allman to appear in court on October 31, 2000, and gave him official notice that his driver's license would be suspended if he failed to timely dispose of the citation. Allman signed the citation, acknowledging that he had been served with it.

Allman failed to appear for the court hearing, and, on December 15, 2000, he was served by certified mail with notice that his license would be suspended if he did not dispose of the matter. On January 6, 2001, Allman's license was suspended for his failure to appear. Three days later, on January 9, Allman went to court, paid the $15 fine for the seat belt violation, and paid a $100 fine for his failure to appear, but he did not pay the fee required by OCGA § 40-5-56 (c) for reinstatement of his license.

On November 6, 2001, Allman drove to the airport, where he received a traffic citation for having an expired tag. The officer who issued the citation did not charge Allman for driving with a suspended license. But on January 4, 2002, the Clayton County Solicitor-General filed an accusation charging Allman with driving on a suspended license when he was at the airport. Allman's arraignment on the suspended license and expired tag charges was scheduled for January 15, 2002, but Allman did not appear for it. The state court issued a bench warrant for Allman's arrest due to his failure to appear at the arraignment.

On February 11, 2002, Allman was arrested on the bench warrant. He was released from jail on bond and ultimately proceeded to a bench trial. At trial, he admitted his guilt on the expired tag charge, but challenged the driving with a suspended license accusation. The trial judge found Allman guilty of both the expired tag and suspended license charges. Allman appeals, contesting only the suspended license conviction.

1. Allman's complaint that the state did not comply with OCGA § 40-5-121 (b) (1) is misplaced because that Code section does not apply to the circumstances of this case. OCGA § 40-5-121 (b) (1) provides in pertinent part: "The charge of driving with a suspended or disqualified license shall not be made where the suspension is a result of a failure to respond under Code Section 40-5-56 [to a citation to appear in court for a traffic violation] . . . unless the arresting officer has verified a service date and such date is placed on the uniform citation."

This Code section plainly governs the steps that an arresting officer must follow before citing someone for driving with a suspended license based on the person's prior failure to appear in court for a traffic violation. The officer must first verify the date when the person was served with notice that his license had been suspended, and then the officer must write that service date on the uniform traffic citation for driving with a suspended license.[1]

In the instant case, however, Allman was never arrested by an officer on a suspended license citation. Rather, the prosecutor filed a suspended license accusation against Allman and an arraignment was scheduled. Thereafter, Allman was arrested, not on the prosecutor's accusation, but on the court's bench warrant for his failure to appear at the arraignment.

The prosecutor, of course, was fully authorized to charge Allman by accusation.[2] And there is nothing in OCGA § 40-5-121 (b) (1) which governs the prosecutor's authority to make such an accusation. Since Allman was not arrested by an officer on a uniform traffic citation for driving with a suspended license, the mandates of OCGA § 40-5-121 (b) (1) are inapplicable to this case.[3]

2. To establish the offense of driving with a suspended license, the state must show that the accused was driving, that his license was suspended, and that he received actual or legal notice of the suspension.[4] Contrary to Allman's claim, the state showed that he received notice of his driver's license suspension.

A driving record is admissible under OCGA § 24-3-17 if it is a certified copy of a Department of Public Safety record or if it was obtained from a computer terminal lawfully connected to the Georgia Crime Information Center.[5] In this case, the state not only introduced a certified copy of Allman's driving record, but also presented testimony establishing that the record was obtained from a computer connected to the Georgia Crime Information Center. On appeal, Allman has not challenged the admissibility of his driving record, which shows that his license was suspended and that on December 15, 2000, he was notified of the suspension by certified mail.

Moreover, Allman himself admitted that he was notified of the suspension. At trial, he testified that he received the December 2000 suspension notice by certified mail. And he also introduced a letter

---

[1] *State v. Brooks*, 194 Ga. App. 465, 466 (390 SE2d 673) (1990).

[2] See OCGA § 17-7-71.

[3] Compare *Mobley v. State*, 253 Ga. App. 57, 58 (557 SE2d 488) (2001) (suspended license conviction reversed where arresting officer failed to give defendant citation listing service date); *Brooks*, supra (suspended license charge dismissed where arresting officer failed to verify service date or place it on uniform traffic citation).

[4] *Buckley v. State*, 246 Ga. App. 342, 343 (540 SE2d 292) (2000).

[5] *Worthy v. State*, 252 Ga. App. 852, 853 (1) (557 SE2d 448) (2001).

that he sent to the Department of Public Safety in which he expressly stated that he had received the suspension notice. Given Allman's driving record[6] and his own testimony,[7] we find sufficient evidence that he was notified of the suspension.

3. Allman argues that the trial court erred in allowing a state investigator to testify because he was not on the state's witness list. Allman, however, did not preserve this issue for appellate review by making a proper objection in the trial court.

In order to preserve an issue for appellate review, an objection must be made at trial on that ground and there must be a ruling from the trial court.[8] In this case, when the state called the investigator as a witness, Allman's attorney did not object and seek to exclude his testimony, but simply told the court, "I would point out, Your Honor, that he's not on the State's list of witnesses." The judge did not rule on whether the witness could testify, but ordered a recess so Allman's attorney could interview the witness. After the recess, the judge asked the lawyer if he had interviewed the investigator. Allman's counsel responded that he had interviewed him, thanked the court, and again raised no objection to the witness' testimony. Because Allman did not actually object to the witness or obtain a ruling from the trial court, there is nothing for us to review.[9]

Moreover, even if the issue were properly before us, we find no error in the court allowing the witness to testify after Allman had an opportunity to interview him. "[A] trial court may allow an unlisted witness to testify if the accused is given an opportunity to interview the witness prior to the time he takes the stand."[10]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 10, 2002.

*Frank L. Derrickson*, for appellant.
*Keith C. Martin, Solicitor-General, Evelyn P. Sandefur, Assistant Solicitor-General*, for appellee.

---

[6] See id. at 855-856 (4).
[7] See *Kovacs v. State*, 227 Ga. App. 870, 872 (2) (490 SE2d 539) (1997).
[8] *Clark v. State*, 248 Ga. App. 88, 91 (3) (545 SE2d 637) (2001); *Green v. State*, 209 Ga. App. 274 (2) (433 SE2d 383) (1993).
[9] See *Lewis v. State*, 271 Ga. 500, 501 (3) (521 SE2d 193) (1999); *Green*, supra.
[10] (Citation omitted.) *Thrasher v. State*, 265 Ga. 401, 402 (3) (456 SE2d 578) (1995).