## A04A0348. FANNIN v. THE STATE.
### (599 SE2d 355)

MIKELL, Judge.

Following a bench trial, Mario Fannin appeals from his conviction for driving with a suspended license. He argues that the state failed to prove that he received actual or legal notice of his license suspension under OCGA §§ 40-5-121 and 19-11-9.3. The arguments are without merit, and we therefore affirm Fannin's conviction.[1]

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Fannin] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Keller v. State,* 247 Ga. App. 599 (544 SE2d 511) (2001). See also *Barber v. State,* 235 Ga. App. 170 (509 SE2d 93) (1998). Viewed in this light, the record shows that on November 27, 2002, Officer Gabe Garner of the Troup County Sheriff's Office stopped Fannin at a roadblock. Officer Garner asked Fannin for his driver's license and a copy of his insurance. Fannin stated that he had left his license in his wallet at home. After confirming with a dispatcher that Fannin's license was suspended, Officer Garner arrested him for driving with a suspended license.

---

[1] Pursuant to Court of Appeals Rule 13, the state is required to file a brief in all criminal appeals when it is the appellee. Despite this requirement, the state failed to file a brief in this case.

During trial, the state introduced, without objection, a document establishing that Fannin's driver's license had been suspended on October 9, 2001, that he had been served personally with notice of the suspension on October 23, 2002, and that he surrendered his license on October 23, 2002. Officer Garner testified that he was certified to run driving histories and that he obtained the printout of Fannin's driving history from an approved terminal for the Georgia Department of Public Safety.[2] Officer Garner also testified that Fannin's license was suspended because he failed to pay child support.

1. "To establish the offense of driving with a suspended license, the state must show that the accused was driving, that his license was suspended, and that he received actual or legal notice of the suspension." (Footnote omitted.) *Allman v. State*, 258 Ga. App. 792, 794 (2) (575 SE2d 710) (2002) (rejecting defendant's claim that the state failed to prove notice where the state introduced a certified copy of defendant's driving record obtained from a computer connected to the Georgia Crime Information Center and defendant himself admitted that he was notified of the suspension). Fannin contends that his conviction must be reversed because the state failed to prove that he had received notice of his license suspension. We disagree. Contrary to Fannin's contention, the state showed that he received notice of his driver's license suspension.

"A driving record is admissible under OCGA § 24-3-17 if it is a certified copy of a Department of Public Safety record or if it was obtained from a computer terminal lawfully connected to the Georgia Crime Information Center." (Footnote omitted.) *Allman*, supra. In this case, Officer Garner testified that he was certified to run driving histories and that he obtained a printout of Fannin's driving history from an approved computer terminal at the Department of Public Safety. On appeal, Fannin has not challenged the admissibility of his driving record, which shows that his license was suspended and that on October 23, 2002, he was notified of the suspension by personal service. Therefore, this enumeration fails.

2. Contending that the issue is one of first impression, Fannin argues that his conviction must be reversed because the state failed to prove that he had notice of his license suspension under OCGA § 19-11-9.3 (f) and (f) (1) of the Child Support Recovery Act. This

---

[2] The printout provides that,

[t]his record is from the Georgia Department of Public Safety Computer Files and is to be used for official court or law enforcement use only. [OCGA §§] 24-3-17 and 40-5-2 as amended, provides for any court or clerk of court electronically connected by a terminal device to the Department of Public Safety Computer Center to receive and use information obtained by the terminal without the need for additional certification.

argument is without merit for two reasons. First, as we held in *D'Ambrosio v. State*, 245 Ga. App. 12, 13-14 (3) (536 SE2d 218) (2000), "the offense of driving a motor vehicle when one's privilege to do so has been suspended is an offense separate and distinct from the offenses which led to the suspension. Until the license is reinstated, it is illegal to drive" (footnote omitted). Second, any challenge to the Department of Human Resources' suspension of Fannin's license is governed by the Administrative Procedure Act and OCGA § 19-11-9.3 (f) (2) and (h).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 14, 2004.

*Jackie G. Patterson*, for appellant.
*Louis J. Kirby, Solicitor-General*, for appellee.