## A08A0011. HANN v. THE STATE.
### (665 SE2d 731)

BARNES, Chief Judge.

Alan M. Hann appeals his convictions for driving under the influence and driving with a suspended driver's license. He contends the evidence is insufficient to sustain his conviction for driving under the influence, the deputy who stopped him had no articulable suspicion to authorize the traffic stop, and the trial court made several erroneous evidentiary rulings. Finding no error, we affirm.

1. We must determine whether Hann filed a timely notice of appeal, thus conferring jurisdiction upon us to consider this case. *Heard v. State*, 274 Ga. 196 (1) (552 SE2d 818) (2001). A notice of appeal must be filed within 30 days of the judgment being appealed, or, if a motion for new trial is filed within 30 days of the judgment, "the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a). Here, Hann filed a motion for new trial after the verdict but before he was sentenced. An hour after his sentence was

entered, he filed a notice of appeal. Ten months later, he withdrew his motion for new trial, and the case proceeded to this court for appellate review.

A notice of appeal filed while a motion for new trial is pending and unaccompanied by a proper certificate of immediate review does not confer jurisdiction in the appellate courts. *Drake v. Clutter*, 194 Ga. App. 644, 645 (391 SE2d 473) (1990). As a consequence, Hann's notice of appeal filed while his motion for new trial was pending did not deprive the trial court of the authority to rule upon his motion for new trial, and his premature notice of appeal would have ripened upon the filing of the trial court's order granting, overruling, or otherwise disposing of the motion for new trial. *Heard v. State*, supra, 274 Ga. at 197(1), n. 2; *Hearst v. State*, 212 Ga. App. 492, 494 (2) (a) (441 SE2d 914) (1994). An order granting a motion to withdraw a motion for new trial would be an order "otherwise finally disposing of the motion" within the meaning of OCGA § 5-6-38 (a). *Ailion v. Wade*, 190 Ga. App. 151, 153 (2) (378 SE2d 507) (1989); *McCulley v. State*, 273 Ga. 40, 43, n. 3 (537 SE2d 340) (2000) (premature notice of appeal ripened upon filing of sentence).

The cases cited above, however, address situations in which the notice of appeal was not filed within 30 days of the judgment, but was filed within 30 days of the withdrawal of a motion for new trial absent a court order. In those cases, the withdrawal without an order did not start the 30-day time limit within which a notice of appeal had to be filed, and those notices were untimely. *Heard v. State*, supra, 274 Ga. at 197; see also *Marshall v. State*, 205 Ga. App. 531 (422 SE2d 677) (1992). The case before us is different, because Hann had filed a notice of appeal within 30 days of the judgment, and therefore we conclude that we have jurisdiction to consider the merits of his appeal. OCGA § 5-6-30. In reaching this conclusion we are cognizant of the fact that an out-of-time appeal would be the likely result of any dismissal.

2. Hann first contends that his convictions should be reversed because the deputy had no articulable suspicion to make an investigatory stop. In essence, Hann's argument is that the trial court erred by denying his amended motion to suppress. Hann's argument is based upon perceived differences between the officer's videotape of Hann's vehicle and the officer's perception of the event. The deputy testified that he was on patrol early one morning when an approaching vehicle swerved "over toward [his] lane, not completely into [his] lane, but swerved over, swerved back, and past [him]." Based upon this observation, the deputy turned his car around to stop the vehicle. The suspect vehicle then pulled in the parking lot of a closed auto parts store. Hann contends this testimony was inconsistent

with the video that was played for the jury which did not show that Hann's car swerved. We disagree.

When this court reviews a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for the decision. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). Further, we are guided by three principles when interpreting the trial court's determination of the facts.

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to the questions of fact and *credibility* must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Considered in that manner, there is ample evidence to support the trial court's decision.

> Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. A *Terry* stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct.

(Citation and punctuation omitted.) *Buffington v. State*, 228 Ga. App. 810, 811 (492 SE2d 762) (1997). The trial court did not err by denying Hann's motion. The deputy's testimony provides sufficient information to show that Hann was not stopped because of "mere inclination, caprice, or harassment," and the trial court accepted the deputy's testimony that the full extent of Hann's actions were not reflected on the video.

3. Hann alleges that his conviction for driving under the influence to the extent that he was a less safe driver should be

reversed because the evidence is not sufficient to sustain his conviction as a matter of law. The trial court having merged Hann's conviction for DUI less safe driver into his conviction for DUI per se, any allegation of error concerning this offense is moot.

4. Hann also contends that evidence of the results of his breath test should have been excluded because he was denied full information regarding the breath test administered to him under OCGA § 40-6-392 (a) (4). The record shows that Hann filed an amended motion to suppress asking the trial court to exclude or suppress "any and all evidence obtained illegally or improperly by the prosecution against Defendant or which due to evidentiary rules would be improper to introduce to a jury or ruled upon by a judge in a bench trial based upon the following showing below." Hann does not contend, however, that the results of the breath test were illegally or improperly obtained.

Hann's amended motion included a section entitled "The Intoxilyzer 5000." This section recited various facts and allegations about the Intoxilyzer 5000, questioned whether the operator and machine had been properly certified, and alleged various other deficiencies. In regard to this enumeration of error, however, the amended motion merely asserted Hann's right to obtain various information about the Intoxilyzer 5000 in general and the machine on which he was tested in particular. The amended motion did not assert that Hann had requested any of the described information and that it had been denied. More importantly, Hann did not move to exclude the test results of his test on the Intoxilyzer 5000 for any reason.

Therefore, although generally there is no need to object at the time evidence is offered to preserve the issue of the denial of a motion to suppress, *Kilgore v. State*, 247 Ga. 70 (274 SE2d 332) (1981), in Hann's motion, he did not attempt to suppress the test, and did not assert that he had not received the information he wanted. Consequently, he was required to object to the test results if he wanted to contest them. He did not, and thus did not preserve this issue for our consideration.

5. Hann also alleges that the results of the horizontal gaze nystagmus test should not have been admitted because the uncontradicted testimony showed that the officer did not perform the test as he was trained. He contends the deputy did not hold the pen a proper distance from Hann's face, and did not time the test properly. The State contends that as a matter of law any errors in the administration of a HGN test go only to the weight of the results, and not to their admissibility, and that the officer substantially performed the test as required.

The HGN test is an accepted, common procedure that has reached a state of verifiable certainty in the scientific community,

and thus can be admitted as a basis upon which a deputy can determine that a driver was impaired by alcohol. *State v. Pierce*, 266 Ga. App. 233, 237 (2) (596 SE2d 725) (2004). When ruling on whether a HGN test was administered properly under law enforcement guidelines, our courts have considered whether the arresting officer was trained sufficiently to give the test, experienced in administering the test, administered the test according to the standardized techniques, and scored or interpreted the test properly. *Tuttle v. State*, 232 Ga. App. 530, 533 (3) (502 SE2d 355) (1998); *Sieveking v. State*, 220 Ga. App. 218, 219-220 (1) (469 SE2d 235) (1996). Under law enforcement guidelines, a score of four out of six clues on a HGN test constitutes evidence of impairment. *Sieveking v. State*, 220 Ga. App. at 219 (1). Further, "[a]dmissibility of evidence is to be decided by the judge. The weight to be given evidence, once admitted, is for the [factfinder]." (Citation and punctuation omitted.) *Ross v. State*, 262 Ga. App. 323, 328 (4) (585 SE2d 666) (2003). Such evidence of the possibility of error goes only to the weight of the test results, not to their admissibility. *Druitt v. State*, 225 Ga. App. 150, 153 (2) (483 SE2d 117) (1997). Here, the evidence shows that, even accepting Hann's arguments, the deputy substantially performed the test in accordance with the guidelines and Hann showed six clues of impairment. Accordingly, the trial court did not err by allowing this testimony.

6. Hann further contends the trial court erred by admitting a certified copy of his suspended license packet, because it was hearsay and irrelevant, and the contents of his driving record went to the jury, which was prejudicial. We find no error. Hann was charged with driving with a suspended license and to prove that offense the State must show that Hann was driving, that his license was suspended, and that he received actual or legal notice of the suspension. *Buckley v. State*, 246 Ga. App. 342, 343 (540 SE2d 292) (2000). Hann's driving record was admissible under OCGA § 24-3-17 if it was a certified copy of a Department of Public Safety record or if it was obtained from a computer terminal lawfully connected to the Georgia Crime Information Center. *Allman v. State*, 258 Ga. App. 792, 794 (2) (575 SE2d 710) (2002). The State met this burden by introducing a certified copy of Hann's notice of suspension prepared in connection with Hann's earlier conviction for driving under the influence and a computer printout establishing the date of the suspension. Before the printout was submitted to the jury, the trial court required that the prejudicial information on it be redacted. Therefore, this enumeration of error is without merit.

7. Hann also contends the trial court erred by charging the jury that the burden of proof was beyond a "reasonable certainty" rather than beyond a reasonable doubt. Although we certainly agree that

this charge should not have been given, the charge given as a whole repeatedly and accurately conveyed the concept of reasonable doubt. Thus the reference to "reasonable certainty" does not constitute reversible error. *Wayne v. State*, 269 Ga. 36, 40 (7) (495 SE2d 34) (1998).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 15, 2008.

*George C. Creal, Jr.*, for appellant.

*David L. Cannon, Jr., Solicitor-General, David M. McElyea, Assistant Solicitor-General*, for appellee.