**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 14, 2012

# In the Court of Appeals of Georgia

A12A0098. BREWTON v. POSS.                                          DO-004

DOYLE, Presiding Judge.

Kenneth Jason Poss initiated a proceeding to adopt T. J. B., the biological son of Kristen Poss, Kenneth's wife. Lee Thomas Brewton, the putative biological father, filed a petition for legitimation of T. J. B. as a part of that proceeding. Kenneth moved to quash the petition, and the superior court granted the motion, giving rise to this discretionary appeal.[1] Brewton contends that the superior court erred by ruling that he failed to meet the requirements for filing a petition for legitimation under

---

[1] Brewton filed his application pursuant to OCGA § 5-6-35 (a) (2), which addresses domestic relations cases. Having granted the application, we need not decide whether the ruling on his legitimation petition would be directly appealable under the collateral order doctrine. See, e.g., *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

OCGA § 19-7-22 and therefore denying his motion to sever the petition he filed in the adoption proceeding. For the reasons that follow, we reverse.

The record shows that in February 2011, Kenneth filed in superior court a petition for adoption of T. J. B. and notified Brewton by publication.[2] The last date of publication was February 25, 2011. On March 4, 2011, Brewton, represented by counsel, filed in the same court a petition for legitimation of his relationship with T. J. B., naming Kristen as a defendant, and he attempted to serve Kristen by mailing a copy to Albert Stone, Jr., who had filed the adoption petition on behalf of Kenneth.[3] Brewton's legitimation petition was filed with the same civil action number as Kenneth's adoption petition, and no filing fee was required by the clerk.

On March 31, 2011, Kenneth moved to quash Brewton's legitimation petition. After receiving the motion, Brewton personally served Kristen on April 20, 2011. On May 11, 2011, Kristen appeared pro se and filed an answer to the legitimation petition and a counterclaim for pregnancy-related medical costs and child support. Brewton filed a response to the motion to quash and moved to sever his legitimation petition from the adoption proceeding. After a hearing, the superior court granted Kenneth's

---

[2] See OCGA § 19-8-12 (b), (c).

[3] Kristen Poss was not a party to the adoption action.

2

motion to quash, thereby denying Brewton's motion to sever, on the ground that Brewton had failed to properly file his legitimation petition. Brewton filed an application for discretionary appeal, which this Court granted.

Brewton contends that the trial court erred by ruling that he failed to properly file his legitimation petition in accordance with OCGA § 19-7-22, which provides as follows, in relevant part:

> (a) A father of a child born out of wedlock may render his relationship with the child legitimate by petitioning the superior court of the county of the residence of the child's mother or other party having legal custody or guardianship of the child . . . . If a petition for the adoption of the child is pending, the father shall file the petition for legitimation in the county in which the adoption petition is filed.

> (b) The petition shall set forth the name, age, and sex of the child, the name of the mother, and, if the father desires the name of the child to be changed, the new name. If the mother is alive, she shall be named as a party and shall be served and provided an opportunity to be heard as in other civil actions under Chapter 11 of Title 9, the "Georgia Civil Practice Act."

Based on this Code section, the trial court ruled that Brewton's petition "had no legal effect" because it was not filed as a separate civil action apart from the pending adoption proceeding.

3

OCGA § 19-7-22 does not define the term "petition,"[4] and does not explicitly state whether the petition must be filed as a separate civil action, or whether it could be filed as part of a pending action.[5] Thus, we turn to the rules of statutory construction,[6] which "require us to construe [the] statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature."[7]

Turning to the terms of OCGA § 19-7-22, we note that although the Code section does not explicitly state that a legitimation petition must be a separate civil

---

[4] But see *Phagan v. State*, 287 Ga. 856, 858-859 (700 SE2d 589) (2010) ("petition" and "complaint" are synonymous and both are pleadings within the purview of the Civil Practice Act).

[5] Compare *Opensided MRI of Atlanta, LLC v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010) (OCGA § 9-11-9.1, on its face, required "a motion to dismiss to be [separately] filed in addition to the first responsive pleading," because it required the defendant to raise its dispositive defense "'*by motion to dismiss filed contemporaneously with* its *initial responsive pleading*.'") (emphasis in original).

[6] See *Cook v. NC Two, L.P.*, 289 Ga. 462, 465 (712 SE2d 831) (2011) ("rules of statutory construction are not applicable when the statute is plain and unambiguous and susceptible to but one natural and reasonable construction since judicial construction of such a statute is unauthorized").

[7] (Citations omitted.) *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003), citing OCGA § 1-3-1 (a).

4

action, the Code section employs language suggesting that a legitimation petition would initiate a separate action as opposed to merely requesting relief within another pending case. For example, subsection (b) refers to "other civil actions," meaning that a legitimation petition itself is viewed as a type of civil action. Subsection (f.1) refers to the petition as a "legitimation *action*."[8] This language within OCGA § 19-7-22 suggests that legitimation petitions are separate civil actions. And subsection (g), applicable to suits for paternity under OCGA § 19-7-43 (a) (4), explicitly state that an alleged father may file a third party action for legitimation as part of his response to the paternity suit. The absence of language explicitly providing for a similar avenue in the adoption context implies that the legislature intended legitimation petitions to be stand-alone actions.[9]

Moreover, the adoption statutes, which are implicated in this context, are informative. OCGA § 19-8-12, which requires an adoption petitioner to give notice to the biological father, provides that a biological father will lose all rights to the

---

[8] (Emphasis supplied.)

[9] See *SRB Investment Svcs., LLLP v. Branch Banking & Trust Co.*, 289 Ga. 1, 6 (3) (a) (709 SE2d 267) (2011) (presuming that omission of certain language was intentional because another statute contained the language); *In the Interest of T. C. D.*, 281 Ga. App. 517, 518 (636 SE2d 704) (2006) (language cannot be added to a statute by judicial decree).

child unless he files a petition to legitimate and files "*notice of the filing of the petition to legitimate . . .* with the court in which the [adoption] action . . . is pending . . . ."[10] It would make no sense to require a separate notice of the filing of the legitimation petition if it already was a part of the adoption proceeding, and such a requirement would be superfluous. Therefore, like the legitimation statute, the adoption statute functions as if a legitimation petition would be filed in a separate action.

In light of these statutory schemes, we conclude that the petition in this case should have been filed as a separate civil action. Having so concluded, we must nevertheless consider whether the trial court erred by denying Brewton's motion to sever. It is clear that Brewton's petition complied with the substance of the legitimation statute, other than by having a separate civil action number: the petition contained the requisite information, it was served on the mother,[11] and it was timely filed in the proper court. Further, Brewton's failure to file his petition as a separate

---

[10] (Emphasis supplied.) OCGA § 19-8-12 (e). Consistent with the notice scheme, Uniform Superior Court Rule 39.6 requires adoption dockets to be maintained separate from regular civil dockets.

[11] The fact that Brewton did not complete service on the mother within the 30-day deadline in OCGA § 19-8-12 (e) was not fatal for the same rationale as explained in *In the Interest of A. H.*, 279 Ga. App. 77, 82 (2) (630 SE2d 587) (2006).

civil action caused no prejudice to anyone. OCGA § 1-3-1, applying to the construction of statutes generally, provides that "substantial compliance with any statutory requirement . . . shall be deemed and held sufficient, and *no proceeding shall be declared void for want of such compliance, unless expressly so provided by law*."[12] Applying this policy here is appropriate because "there can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring. . . [Termination of that right] can be done by the court only under the most carefully controlled and regulated circumstances . . . ."[13] Therefore, in light of the fundamental right at stake, the lack of prejudice, and Brewton's substantial compliance with the statute in every way other than prevailing upon the clerk to file the petition under a different civil action number, we conclude that the trial court abused its discretion by denying his motion to sever.

Kenneth argues that Brewton's failure to pay a filing fee and file a civil case filing form required by OCGA § 9-11-3 (b) are fatal to his legitimation claim. But the record shows that the clerk, when asked by Brewton, did not require payment of a

---

[12] (Emphasis supplied.)

[13] (Punctuation omitted.) Id.

7

filing fee, and Brewton's attorney merely followed the procedure suggested by the clerk. OCGA § 9-11-3 (b) provides that

> [i]f, after a civil action has been filed, the court presiding over the civil action decides that the civil case filing form has not been filed or has been filed incorrectly, the court shall require the plaintiff to file the civil case filing form or an amended form. *In no case shall the failure to accurately complete the civil case filing form required by this Code section provide a basis to dismiss a civil action.*[14]

Thus, under the circumstances of this case, any such filing defects can be cured upon remittur.

*Judgment reversed. Andrews and Boggs, JJ., concur.*

---

[14] (Emphasis supplied.)

8