**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 16, 2013**

# In the Court of Appeals of Georgia

A13A0183. NUMANOVIC v. JONES, et al.

RAY, Judge.

Appellees Joseph and Kara Jones filed a petition to adopt a minor child, J. J., in the Superior Court of Hart County. Appellant Adis Numanovic filed a petition for legitimation in that same action, which the trial court denied as untimely. Several months later, the trial court entered a final order granting the Jones' petition to adopt. Numanovic filed a direct appeal from that final adoption order, seeking review of the order denying his petition for legitimation and the termination of his parental rights. The Jones' filed a motion to dismiss Numanovic's appeal, arguing that the notice of appeal was untimely as to the order denying legitimation and that a discretionary application was required. Because we lack jurisdiction, this appeal is dismissed.

The record shows that J. J. was born on July 6, 2011. The biological mother executed documents surrendering her parental rights to the Joneses, the prospective adoptive family. The mother also executed an affidavit identifying the biological father of the child as Numanovic. On July 18, 2011, the Jones' initiated a proceeding to adopt J. J. and served Appellant with notice of the petition via a certified process server on July 19, 2011. On August 15, 2011, Numanovic, pro se, filed a responsive pleading that did not include a petition for legitimation or a notice of filing such petition, but instead stated that he "would proceed" to file a petition for legitimation and that he objected to the adoption of J. J. Appellant then obtained counsel and, on October 5, 2011, filed a petition for legitimation within the same civil action proceeding as the Jones' adoption petition. The trial court then denied Appellant's petition for legitimation and further ordered that Appellant was "denied from object[ing] to [the Jones'] [p]etition for [a]doption of the child." The trial court further denied Appellant's motion for reconsideration of that ruling. The trial court then entered a final order of adoption on January 13, 2012. Appellant filed the instant notice of appeal on January 18, 2012.

The Joneses moved to dismiss this direct appeal, contending that this Court lacks jurisdiction because Numanovic failed to file a discretionary application as required by OCGA §5-6-35 (a) (12) and because his appeal was untimely.

Two Code sections determine the method for pursuing appeals to this Court and to the Supreme Court of Georgia. OCGA § 5-6-34 describes the trial court judgments and orders that may be appealed directly, including "[a]ll final judgments[,]" such as the trial court's final adoption order in the present case. OCGA § 5-6-34 (a) (1). OCGA § 5-6-35 lists cases in which an application for appeal is required and includes "[a]ppeals from orders terminating parental rights." OCGA §§ 5-6-35 (a) (2), (a) (12). See also *In the Interest of A. C.*, 285 Ga. 829, 834 (2) (686 SE2d 635) (2009).

Both OCGA § 5-6-34 (a) and 5-6-35 (a) are involved when, as here, a trial court issues a judgment in a case covered by the direct appeal statute, but where the subject matter may also be covered under the discretionary appeal statute. "Where both the direct and discretionary appeal statutes are implicated, it is always the underlying subject matter that will control whether the appeal must be brought pursuant to OCGA § 5-6-34 or OCGA § 5-6-35." *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255, 256-257 (1) (564 SE2d 715) (2002). Accord

*Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d 130) (2011). Here, an examination of Numanovic's appellate brief shows enumerations of error addressing only the trial court's order denying his petition for legitimation and terminating his parental rights. Because the underlying subject matter of this appeal – the denial of Numanovic's petition for legitimation and the termination of his parental rights – is listed in OCGA § 5-6-35 (a), Numanovic was required to follow discretionary appeal procedures.[1] See *Cloud v. Norwood*, __ Ga. App. __ (739 SE2d 93) (2013).

We further note that Georgia law requires that a petition for legitimation be filed in a new civil proceeding with separate civil action number, and not within the same civil action number as the underlying adoption proceeding. See *Brewton v. Poss*, 316 Ga. App. 704, 704-706 (728 SE2d 837) (2012). Had Numanovic correctly filed his petition for legitimation in a separate civil action, he clearly would have been required to follow the discretionary review procedure set forth in OCGA § 5-6-35 in order to appeal the trial court's denial of his petition. OCGA § 5-6-35 (a) (2). He cannot escape that requirement in this case because he incorrectly filed his petition for legitimation in the same civil action as the Joneses petition for adoption.

---

[1] Because our finding that Numanovic's appeal is dismissed for failure to follow discretionary appeal procedures, we need not reach the issue of whether his appeal was timely filed.

Because the review of the trial court's denial of Numanovic's petition for legitimation must come by discretionary application and Numanovic failed to file an application, we are without jurisdiction to hear the merits of his appeal.

*Appeal dismissed. Barnes, P. J., and Miller, J., concur.*