# Court of Appeals
# of the State of Georgia

ATLANTA,  May 02, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1225.  DONTA QUINTRELL JOHNSON v. THE STATE.**

Donta Quintrell Johnson was convicted of rape and other crimes in connection with the molestation of his girlfriend's three children.  He filed a timely motion for new trial.  He also filed several other motions, including a request to proceed pro se (which the trial court granted), and motions to correct or modify his sentence (which the trial court denied).  Johnson's latest motion was styled "Motion Request for Dispersment of Indigent Funds, to Effectuate the Right of Appeal by Constitutional Standards; & for Continuance to the October Hearing."  The trial court summarily denied that motion, and Johnson filed an application for discretionary appeal in this Court.  The only exhibits submitted with the application were copies of the trial court's orders allowing Johnson to proceed pro se and denying his "Motion Request."  Based on the sparse materials before us, we concluded that Johnson may have had a right of direct appeal, and we granted the application under OCGA § 5-6-35 (j).  See Case No. A17D0148 (granted November 15, 2016).[1]

The trial court subsequently transmitted its complete record here in connection with the appeal.  That record shows that the trial court has not yet ruled on Johnson's motion for new trial.  Accordingly, to appeal the order denying his "Motion Request," Johnson was required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial

---

[1] In our order granting the application, we instructed Johnson to file a notice of appeal within ten days, if he had not already done so.  It turns out that Johnson had filed a notice of appeal six days after entry of the order he wishes to appeal.

judge. See *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) (while a motion for new trial is pending, appeals must comply with the interlocutory appeal procedure). Johnson's failure to comply with the interlocutory appeal procedure deprives this Court of jurisdiction to consider this matter. This appeal is therefore DISMISSED as premature. Johnson's "Motion to Dismiss as Untimely" is DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*__05/02/2017__
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____, *Clerk.*