# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2020

*The Court of Appeals hereby passes the following order:*

## A20D0404.  RYAN BROWN v. JULIANNA HAMIL.

On April 13, 2020, the juvenile court entered a final order denying Ryan Brown's petition for legitimation. On June 8, 2020, Brown filed a notice of appeal and Julianna Hamil, the biological mother of the child, filed a motion for new trial. Then on June 15, 2020, Brown filed this application for discretionary review.[1] See *Numanovic v. Jones*, 321 Ga. App. 763, 764 (743 SE2d 450) (2013) (providing that appeals from final orders in legitimation cases must be brought by discretionary application pursuant to OCGA § 5-6-35 (a) (2)). Hamil has filed a motion to dismiss Brown's application on the basis that her motion for new trial remains pending below.

In an order entered on June 18, 2020, the juvenile court determined that Hamil's motion for new trial was filed prior to Brown's notice of appeal and set the matter for a hearing on her motion for new trial in August 2020. Because Hamil's motion for new trial remains pending below, the April 13, 2020 order is not final, and Brown was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) and obtain a certificate of immediate review from the trial judge in order to appeal the April 13 order. See *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008); *Drake v. Clutter*, 194 Ga. App. 644, 645 (391 SE2d 473) (1990). Moreover, OCGA § 5-6-35, the discretionary appeal statute, does not excuse a party

---

[1] All of these June 2020 filings were timely under the Chief Justice's emergency orders tolling all filing deadlines. See Second Order Extending Declaration of Statewide Judicial Emergency (May 11, 2020); Third Order Extending Declaration of Statewide Judicial Emergency (June 12, 2020).

seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Brown's failure to comply with the interlocutory appeal procedures set forth above deprives this Court of jurisdiction over this application. Accordingly, Hamil's motion to dismiss is hereby GRANTED and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* __07/02/2020__
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

                    *, Clerk.*