# Court of Appeals
# of the State of Georgia

ATLANTA,  September 29, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0060.  RYAN BROWN v. JULIANNA HAMIL.

On April 13, 2020, the juvenile court entered its order denying Ryan Brown's "Petition to Determine Paternity and Legitimate Child." The juvenile court concluded therein that Brown had not abandoned his opportunity interest, had not abandoned the child, and was not an unfit parent but nonetheless denied the petition on the ground that said denial was in the child's best interest.[1] On June 3, 2020, Julianna Hamil, the child's biological mother, filed what she styled a "Limited Motion for New Trial Based on Newly Discovered Evidence," so that the juvenile court could consider additional evidence as to Brown's fitness. In response thereto, the trial court entered its "Order Denying Motion for New Trial and Limited Order Reopening Evidence" on September 1, 2020. Brown filed an application for discretionary appeal from the denial of his motion for new trial on September 9, 2020, and Hamil filed a motion to dismiss for lack of jurisdiction on September 18, 2020.

Due to the juvenile court's order reopening the evidence, the order for which Brown seeks review is not a final judgment under OCGA § 5-6-34 (a) (1).  Brown was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) and obtain a certificate of immediate review from the trial judge in order to appeal the September 1 order. See *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731)

---

[1] Brown filed an application for discretionary appeal from the juvenile court's order of April 13, 2020, which we dismissed on the ground that he failed to comply with interlocutory appeal procedures because her motion for new trial remained pending below.  See Case No. A20D0404, dismissed July 2, 2020.

(2008); *Drake v. Clutter*, 194 Ga. App. 644, 645 (391 SE2d 473) (1990). Moreover, OCGA § 5-6-35, the discretionary appeal statute, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Brown's failure to comply with the interlocutory appeal procedures set forth above deprives this Court of jurisdiction over this application. Accordingly, Hamil's motion to dismiss is hereby GRANTED and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   09/29/2020*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*