# Court of Appeals
# of the State of Georgia

ATLANTA,  July 06, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0411. MASCORRO v. MONJARAZ,

In this appeal, Bianca Flor Mascorro seeks review of the trial court's order legitimating her children and awarding visitation to their father, Raul Javier Monjaraz. On appeal, Mascorro argues that the trial court erred in allowing the father to legitimate the children and in failing to give specific findings of fact and legal conclusions to support the decision. For the reasons that follow, we dismiss the appeal.[1]

The record shows that Mascorro and Monjaraz are the parents of two children. In 2019, Mascorro's husband filed a petition to adopt the children. Thereafter, Monjaraz filed a petition to legitimate both children, seeking joint legal custody and visitation. Following a temporary hearing, the trial court granted the petition to legitimate the children; awarded legal and physical custody to Mascorro; granted Monjaraz visitation; and ordered him to pay child support. In her appeal, Mascorro challenges only the legitimation.

We are obligated to inquire into our jurisdiction in any case in which our jurisdiction may be lacking. *Ford v. Ford*, 347 Ga. App. 233 (818 SE2d 690) (2018). Although OCGA § 5-6-34 (a) (11) permits a direct appeal from all judgments or orders in "child custody cases," the issue raised on appeal governs whether an order may be appealed directly, and here the issue is not custody but the trial court's

---

[1] In an order dated November 3, 2020, we dismissed this appeal. Mascorro filed a motion for reconsideration, which led to the reinstatement of her appeal. For the reasons outlined below, we lack jurisdiction to consider this appeal.

legitimation ruling. See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (appeal in a domestic relations case in which custody is not an issue must be brought by discretionary application). In her brief, Mascorro challenges only the basis for the grant of Monjaraz's legitimation petition. A legitimation action is a domestic relations case, and an appeal therefrom must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); *Numanovic v. Jones*, 321 Ga. App. 763, 764 (743 SE2d 450) (2013); *Cloud v. Norwood*, 321 Ga. App. 218 (739 SE2d 93) (2013); *Brown v. Williams*, 174 Ga. App. 604 (332 SE2d 48) (1985). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991); see also *Ford*, 347 Ga. App. at 234. Thus, Mascorro's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this case. *Numanovic*, 321 Ga. App. at 764. Accordingly, we DISMISS this appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _07/06/2021_

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*