# Court of Appeals
# of the State of Georgia

ATLANTA,  March 09, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0370.  DANNY RAY DUNN v. CARYN ALISSA DUNN.**

On December 15, 2020, the Superior Court of Dade County entered a Final Order of Divorce for Danny Ray Dunn (the husband) and Caryn Alissa Dunn (the wife).  Within 30 days, the husband filed a motion for new trial.  On July 1, 2021, the superior court entered the order contested here, which order: (i) continued matters outstanding in the case, including the motion for new trial; (ii) stated that the "[o]rder filed December 15, 2020 . . . shall remain the Final Order of Divorce"; and (iii) provided further,

> [P]ending this continuance period, as well as pending any decision and/or ruling on the Motion for New Trial as well as pending any appeal involving this divorce matter, or any matter relating thereto, the Final Order of Divorce entered on December 15, 2020, shall be considered to be the Temporary Order, and shall govern the obligations of the parties pending any final resolution until full conclusion of this matter, or until further Order.

Seeking appellate review of that order, the husband filed a discretionary application. See generally OCGA § 5-6-35 (a) (2), (b) (providing that appeals from judgments or orders in divorce, alimony, and other domestic relations cases must be brought by discretionary application); *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984) (where the issues appealed either arise from or are ancillary to divorce proceedings, the appeal falls within the ambit of the discretionary appeal statute).

1

This Court granted that application, leading to the docketing of this appeal.

With the full record now before us,[1] together with the parties' briefs, we conclude that we lack jurisdiction. The husband's motion for new trial remains pending; and the contested order is neither final[2] nor appealable in its own right.[3] Therefore, in order to appeal from the July 1, 2021 order, the husband was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008); *Drake v. Clutter*, 194 Ga. App. 644, 645 (391 SE2d 473) (1990). Moreover, OCGA § 5-6-35, the discretionary appeal statute, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). The husband's failure to comply with the interlocutory appeal procedures deprives this Court of jurisdiction over this appeal.

---

[1] Notably, the instant appeal is related to Case Nos. A21A1776, A21A1777, and A21A1778, each of which is styled *Danny Ray Dunn v. Caryn A. Dunn*. See generally *Davis v. State*, 287 Ga. 414, 415, n. 1 (696 SE2d 644) (2010) (reiterating that an appellate court "may take judicial notice of the records of other cases before [it], in the interest of doing substantial justice and as a means of judicial economy").

[2] *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.").

[3] See, e.g., OCGA § 5-6-34 (a) (2) (concerning contempt cases) and (a) (11) (concerning child custody cases); but see, e.g., *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that an appeal from an order denying a motion to set aside was not a direct challenge to the court's underlying custody ruling and therefore was not directly appealable under OCGA § 5-6-34 (a) (11)).

2

Accordingly, this appeal is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.[4]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/09/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[4] See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 124-125 (728 SE2d 197) (2012) (dismissing appeal after docketing upon notice of appeal, where appellant failed to comply with the governing application process).