# Court of Appeals
# of the State of Georgia

ATLANTA,  September 09, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0035. RAYNIER MARQUEZ v. RAFAEL AGUIRRE.

Rafael Aguirre, the biological father of a minor child, filed a petition for legitimation against Yesly Tavera, the child's mother, and Raynier Marquez, Tavera's husband and the child's legal father. On July 13, 2022, the trial court entered an order terminating Marquez's parental rights and granting Aguirre legitimation but reserved ruling on "[a]ll other issues" in Aguirre's petition, "including custody, parenting time, child support[,] and attorney's fees[.]" Marquez filed an application for discretionary review of this order on August 12, 2022. Aguirre has filed a motion to dismiss, contending that Marquez was required to file an application for interlocutory appeal because the trial court's order was not final. We agree.

Ordinarily, a party seeking to appeal a legitimation order must file an application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Numanovic v. Jones*, 321 Ga. App. 763, 764 (743 SE2d 450) (2013). However, the legitimation order was not a final order, as issues remain for resolution in the trial court. Consequently, Marquez was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) – including obtaining a certificate of immediate review from the trial court. See *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015). See also OCGA § 19-7-22 (g) ("A legitimation petition may also include claims for visitation, parenting time, or custody."). OCGA § 5-6-35, which governs the discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Thus, Marquez's failure to follow the requisite appeal procedure deprives us of jurisdiction

over this application. See id. Accordingly, Aguirre's motion to dismiss is GRANTED, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* *09/09/2022*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*