# Court of Appeals
# of the State of Georgia

ATLANTA, March 24, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0259. MARLO GRIER v. THE STATE.**

Following a 2019 jury trial, Marlo Grier was convicted of rape, statutory rape, and related crimes. His attorney filed a motion for new trial on Grier's behalf, and in June 2022, the trial court granted Grier's request to represent himself with respect to that motion. Between September 2022 and early February 2023, Grier filed two motions to quash his indictment and vacate the judgment of conviction, as well as a number of motions related to his request for a new trial.[1] On February 21, 2023, the trial court entered an order denying all of Grier's pending motions. Grier then filed this application for a discretionary appeal, seeking review of the February 21 order. We, however, lack jurisdiction.

At the time Grier filed this application, his case remained pending below, as the trial court had not yet decided his motion for new trial. Accordingly, Grier was required to comply with the interlocutory appeal procedures — including securing a certificate of immediate review from the trial court — to obtain immediate appellate review of the February 21 order. See OCGA § 5-6-34 (b); *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) (An "appeal filed while a motion for new trial is pending and unaccompanied by a proper certificate of immediate review does not confer jurisdiction in the appellate courts."); *Boyd v. State*, 191 Ga. App. 435, 435

---

[1] These included motions related to discovery, a motion for the production of grand jury minutes, a motion seeking the amendment of the order granting Grier the authority to represent himself, and motions for a stay and/or continuance of the new trial hearing, which was scheduled for March 7.

(383 SE2d 906) (1989). Moreover, Grier's filing of an application for a discretionary appeal does not excuse him from complying with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (where a party is appealing an interlocutory order, the filing of an application for a discretionary appeal is insufficient to confer jurisdiction on the appellate court); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (same). Thus, given Grier's failure to follow the interlocutory appeal procedures, we lack jurisdiction to consider this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  03/24/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.