# Court of Appeals
# of the State of Georgia

ATLANTA,  April 22, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1539. ANTHONY ANDERSON v. KIMBERLY GREEN.

Anthony Anderson and Kimberly Green were involved in a short term relationship that produced a child. After the relationship ended, Anderson petitioned for legitimation and joint physical custody. Following a hearing, the trial court denied Anderson's petition for legitimation; the court's order did not address the custody issue. Anderson subsequently filed this direct appeal. We lack jurisdiction.

As a general rule, appeals in domestic relations cases — including legitimation actions — must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (b); *Numanovic v. Jones*, 321 Ga. App. 763, 764 (743 SE2d 450) (2013). Although OCGA § 5-6-34 (a) (11) permits a direct appeal from child custody orders, when the order at issue on appeal does not involve child custody rulings, the appeal in a domestic relations case must be brought by discretionary application. *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Here, Anderson does not challenge any custody rulings on appeal. Instead, he merely appeals the denial of his legitimation action. Under these circumstances, Anderson was required to file a discretionary application. See *Voyles*, 301 Ga. at 47; OCGA § 5-6-35 (a) (2), (b).

Anderson's failure to do so deprives this Court of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/22/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*